The STATE of Ohio, Appellee,

v.

McNEIL, Appellant.

[Cite as *State v. McNeil* (2001), 146 Ohio App.3d 173.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–000808.

Decided Sept. 14, 2001.

174

*Michael K. Allen,* Hamilton County Prosecuting Attorney, and *Emma Poiry,* Assistant Prosecuting Attorney, for appellee.

*David C. Wagner,* for appellant.

HILDEBRANDT, Presiding Judge.

Maintaining that the trial court abused its discretion, defendant-appellant, Donelle McNeil, challenges the denial of his presentence motion to withdraw his plea of guilty to a charge of aggravated robbery, which included a firearm specification. Concluding that the court properly exercised its discretion, we overrule McNeil's assignment of error.

McNeil was indicted for aggravated robbery, with a firearm specification, in violation of R.C. 2911.01(A)(1), and robbery, in violation of R.C. 2911.02(A)(2). McNeil entered a plea of not guilty to both counts and filed a notice of alibi with the trial court. One month later, after plea negotiations, McNeil entered a plea of guilty to the aggravated-robbery charge, including the firearm specification, and the state, in exchange, dismissed the robbery count and agreed to a three-year sentence for the aggravated robbery, with an additional three-year sentence for the specification. After the November 1, 2000 plea hearing, where McNeil acknowledged that he was voluntarily entering his guilty plea, the trial court found McNeil guilty and continued the case for sentencing on November 15, 2000.

Two days before sentencing, McNeil filed a motion to withdraw his guilty plea, asserting that he was innocent of the underlying charges. On the day of sentencing, a brief hearing ensued with the trial court considering comments from McNeil's counsel. Upon reviewing McNeil's responses to the Crim.R. 11 colloquy, the trial court asked McNeil's attorney if McNeil had experienced any "outside forces" compelling him to plead guilty and to sign the plea agreement. McNeil's counsel explained that McNeil had struggled with the fact that there was an "attractive plea agreement in place, and at the same time he also felt that he had a good case," but that he had decided to sign the plea agreement voluntarily. At the completion of this line of questioning, the trial court denied the motion to withdraw the plea and sentenced McNeil to a total of six years in prison. During sentencing, McNeil told the trial court that he was innocent but that he had signed the plea agreement because he "was just scared to take it to trial and get 13 years." The trial court told McNeil that it had found that McNeil had intelligently and voluntarily entered a guilty plea, "knowing all of the circumstances," and that his motion was overruled. This timely appeal followed.

It is well established that, even though a defendant does not have an absolute right to withdraw a plea prior to sentencing, a presentence motion to withdraw a guilty plea should be "freely and liberally granted."[1] Although such a motion is to be treated liberally, the trial court's decision is still ultimately one of discretion. In determining whether the trial court has properly exercised its

---

1. *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715, 719.

discretion, this court is aided by the following factors: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion.[2]   In addition to these factors, there are other considerations, including (1) whether the motion was made within a reasonable time;  (2) whether the motion set out specific reasons for the withdrawal;  (3) whether the accused understood the nature of the charges and the possible penalties;  and (4) whether the accused was perhaps not guilty or had a complete defense to the charges.[3]

Although an extensive hearing was not held on McNeil's motion to withdraw his plea, we cannot say that the trial court abused its discretion.[4]   The scope of the hearing to be held on a motion to withdraw a plea should reflect the substantive merit of the motion itself.[5]   "[B]old assertions without evidentiary support simply should not merit the type of scrutiny that substantiated allegations would merit."[6]   Here, McNeil's motion to withdraw his plea of guilty merely stated that he was innocent but did not offer any evidentiary material to support this "bold assertion."   Prior to signing the plea agreement, McNeil had filed a notice of alibi, indicating that he was at his sister's home "or in the [surrounding] neighborhood" on the date and time that the aggravated robbery occurred.   But, at the hearing on the motion to withdraw the guilty plea, McNeil did not indicate that he had any possible defense to the underlying charges.   Further, McNeil did not attempt to call any witness or present any evidence in support of his innocence.   Thus, we conclude that the trial court gave appropriate consideration to McNeil's motion to withdraw his plea in light of the lack of any evidentiary support offered for the assertion that he was innocent.

McNeil also told the trial court that he had signed the plea agreement because he was scared that if he went to trial he would possibly receive a longer sentence than the one that was offered by the state in the plea agreement.   Though, as the trial court noted, this was an understandable fear, this was exactly what McNeil was considering when deciding whether to sign the plea agreement.   The record

2.   *State v. Peterseim*, (1980), 68 Ohio App.2d 211, 214, 22 O.O.3d 341, 428 N.E.2d 863, 865.

3.   *State v. Fish* (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788, 790.

4.   See *State v. Taylor* (Dec. 26, 1997), Hamilton App. No. C–961141, unreported, 1997 WL 789397.

5.   *State v. Abdelhag* (July 31, 1997), Cuyahoga App. No. 71136, unreported, 1997 WL 428647; *State v. Hall* (Apr. 27, 1989), Cuyahoga App. No. 55289, unreported, 1989 WL 42253.

6.   *State v. Hall, supra.*

demonstrates that he spent a considerable amount of time weighing his options before voluntarily entering a plea of guilty and that, prior to entering that plea, he was given a full Crim.R. 11 hearing. Further, the record shows that McNeil clearly understood the nature of the charges and the possible penalties.

Because McNeil voluntarily entered his guilty plea, clearly understanding the nature of the charges and the possible penalties, and because the trial court gave McNeil's motion to withdraw his plea the consideration it merited, in light of the lack of evidence offered to support the claim that McNeil was innocent, we hold that the trial court did not abuse its discretion in denying McNeil's motion to withdraw his plea of guilty. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

SHANNON, J., concurs.

PAINTER, J., dissents.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.

PAINTER, Judge, dissenting.

All Ohio courts say that a motion to withdraw a plea made before sentencing should be "freely and liberally granted."[7] But then this court too often glosses over this rule of law and affirms even the slightest nod by the trial court. The consideration here was slight indeed.

The record reveals that the trial court denied McNeil's motion to withdraw his guilty plea because McNeil (1) had received a full Crim.R. 11 hearing before entering his plea and (2) had entered his plea voluntarily. While I agree that McNeil entered his plea voluntarily after receiving a full Crim.R. 11 hearing, that is not the only consideration. Other important factors in this case are whether (1) McNeil had a complete defense to the charges—his alleged alibi; (2) the trial court gave full and fair consideration to the withdrawal motion; (3) McNeil was given a full hearing on the motion; and (4) the state would have been prejudiced by the withdrawal of McNeil's plea. I conclude that the trial court did not give proper consideration to the motion and McNeil's claim of innocence because it did not conduct a full hearing.

The function of a hearing on a motion to withdraw a plea is to determine whether there is a "reasonable and legitimate basis" for the withdrawal of the

---

7. *State v. Xie* (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715, 719.

plea.[8] Under these particular circumstances—where the trial court addressed only McNeil's counsel, limited its query to the Crim.R. 11 hearing, and failed to give McNeil's counsel the opportunity to present other remarks—it is doubtful that the trial court could truly determine whether a legitimate basis existed for the withdrawal of McNeil's guilty plea. Further, the trial court failed to entertain even limited comments from the state or McNeil. Without comment from McNeil, the trial court was precluded from determining whether it may have had cause to consider in more detail McNeil's claim of innocence. And, if the trial court had asked the state for comments, it may have learned that perhaps there was a reasonable basis for allowing McNeil to withdraw his guilty plea. (The state had indicated during McNeil's sentencing hearing that none of the victims of the robbery could identify McNeil.)

Based on the record before this court, I conclude that McNeil was not afforded an adequate hearing. Due process requires not only reasonable notice, but also an opportunity to be heard. The trial court did not give McNeil a full opportunity to be heard, either by his own words or by his counsel's representations on his behalf, regarding his claim of innocence and the possibility that he had a complete defense to the charges. Further, a factor mitigating against withdrawal of a plea, prejudice to the state, does not seem to apply here.[9]

Our colleagues in the Seventh Appellate District have, in a recent case strikingly similar to ours, put it thus: "Ultimately, this court must weigh the factors in favor of permitting a plea withdrawal with the factors against such an action. Here, we have a multitude of reasons in favor of plea withdrawal: professed innocence; confusion; timeliness; and a judicial standard of free and liberal granting of such a motion. To offset these factors, we merely have the restoration of the state of Ohio to the position it had prior to the plea bargain, i.e., it has to prove the guilt of a party presumed to be innocent. Without more, we must conclude that the balance scale tilts so far in favor of appellant that the denial of appellant's motion to withdraw his plea was unfair."[10] I cannot say it better.

Because the trial court did not provide an adequate hearing on McNeil's motion to withdraw his guilty plea, I would reverse his conviction and remand this case for a new hearing consistent with the law.

---

**8.** *State v. Xie,* 62 Ohio St.3d at 527, 584 N.E.2d at 719.

**9.** *State v. Griffin* (2001), 141 Ohio App.3d 551, 555, 752 N.E.2d 310, 313.

**10.** *Id.* at 556, 752 N.E.2d at 314.