DECISION.
{¶ 1} Defendant-appellant, Maurice Jefferson, Jr., appeals the judgment of the Hamilton County Court of Common Pleas convicting him of one count of aggravated robbery, a first-degree felony, with a firearm specification, and one count of failure to comply with the order of a police officer, a third-degree felony. For the following reasons, we reverse the trial court's judgment and remand the cause for further proceedings.
 {¶ 2} Jefferson faced a charge of delinquency in juvenile court for conduct that, if committed by an adult, would have constituted the criminal offenses of aggravated robbery and robbery with gun specifications, failure to comply with the order of a police officer, and receiving stolen property. The cases were transferred from juvenile court, and the grand jury returned an indictment on the offenses and specifications on October 3, 2002.
 {¶ 3} Jefferson, who was sixteen years old, appeared before the trial court with counsel on November 5, 2002. On that date, he entered guilty pleas to aggravated robbery with a firearm specification and failure to comply with the order of a police officer. In exchange for the guilty pleas, the remaining charges and specifications were dismissed.
 {¶ 4} On November 21, 2002, Jefferson appeared before the trial court with new counsel and asked to withdraw his pleas. He informed the court that the basis of his motion to withdraw the pleas was that he was innocent. The trial court's response, in its entirety, was as follows: "Well, Mr. Jefferson was explained his rights. He had a very competent attorney. The attorney looked into everything. We had an extensive pretrial on this and Mr. Jefferson was advised of his rights and ramifications and everything else. Everything was handled properly. The motion to withdraw the plea is denied." The trial court then sentenced Jefferson to a total of nine years' incarceration.
 {¶ 5} In a single assignment of error, Jefferson now argues that the trial court abused its discretion in denying his motion to withdraw the pleas. The assignment of error is well taken.
 {¶ 6} Crim.R. 32.1 governs the disposition of a motion to withdraw a guilty plea. When a defendant makes the motion prior to sentencing, the trial court should grant it freely and liberally.[1] But a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, and the trial court's decision may be reversed on appeal only when it has abused its discretion.[2] The trial court must conduct a hearing to determine whether there is a reasonable basis for the withdrawal of the plea, and the scope of that hearing must reflect the substantive merits of the motion.[3]
 {¶ 7} In determining whether the trial court has properly exercised its discretion in denying a Crim.R. 32.1 motion, the appellate court should consider a number of factors, including the following: (1) whether the defendant was represented by highly competent counsel; (2) whether the defendant was afforded a complete Crim.R. 11 hearing before entering the plea; (3) whether the trial court conducted a full and impartial hearing on the motion to withdraw the plea; (4) whether the trial court gave full and fair consideration to the motion; (5) whether the motion was made within a reasonable time; (6) whether the motion set out specific reasons for the withdrawal; (7) whether the defendant understood the nature of charges and the possible penalties; (8) whether the defendant was possibly not guilty of the charges or had a complete defense to the charges; and (9) whether the state would have been prejudiced by the withdrawal of the plea.[4]
 {¶ 8} In the case at bar, we hold that the denial of the motion to withdraw the pleas was unreasonable. Although the record indicates, as the trial court stated, that Jefferson was represented by competent counsel and was afforded a full Crim.R. 11 hearing, the other factors weighed heavily in favor of granting the motion. First, the basis of the motion was Jefferson's claim that he was not guilty of the offense, a claim that goes to the very heart of the right to a trial by jury. Moreover, Jefferson was only sixteen years of age at the time of the proceedings below, and it was a reasonable inference that he did not fully understand the implications of his guilty pleas to a felony of the first degree with a firearm specification and a felony of the third degree.
 {¶ 9} We also give great weight to the fact that the motion was made a mere seven weeks after the indictment was issued, and that there was absolutely no showing of prejudice to the state in permitting the withdrawal of the pleas.[5] This was not a situation in which the attempt to withdraw the pleas was made on the scheduled day of trial or posed a risk that the passage of time would render proof of the charges exceedingly burdensome. Finally, the brevity with which the trial court addressed the motion casts doubt on whether the court carefully considered its merits.
 {¶ 10} Under these circumstances, and bearing in mind that a presentence motion to withdraw a guilty plea is to be freely granted, we hold that the trial court abused its discretion in denying Jefferson's motion. Therefore, the assignment of error is sustained. We hereby order the guilty pleas vacated, the judgment reversed, and the cause remanded to the trial court for further proceedings.
Judgment reversed and cause remanded.
Painter, J., concurs separately.
Hildebrandt, J., dissents.
[1] State v. Xie (1992), 62 Ohio St.3d 521, 527, 584 N.E.2d 715.
[2] Id., paragraphs one and two of the syllabus.
[3] State v. McNeil (2001), 146 Ohio App.3d 173, 176,765 N.E.2d 884.
[4] See State v. Fish (1995), 104 Ohio App.3d 236, 240, 661 N.E.2d 788;McNeil, supra, at 175-176, 765 N.E.2d 885.
[5] See Fish, supra, at 240, 661 N.E.2d 788 (characterizing the lack of prejudice to the state as "an extremely important factor" in determining whether the trial court abused its discretion).