OPINION
{¶ 1} Defendant-appellant John R. Napier appeals from a decision of the Kettering Municipal Court overruling his motion to vacate a no contest plea filed on June 9, 2004. A hearing was held on said motion on July 28, 2004, and on July 30, 2004, the trial court issued a written decision denying the motion. For the following reasons, the judgment of the trial court will be reversed.
 I {¶ 2} Napier was originally charged with violations of R.C. § 1531.02
(possession of a wild animal) and Kettering Ordinance § 618.06 (cruelty to animals). On May 25, 2004, Napier appeared in front of the trial court with court appointed counsel and changed his previous plea of "not guilty" to "no contest." After addressing the requirements of Crim. R. 11, the court accepted the "no contest" pleas and found Napier guilty of the above charges.
 {¶ 3} Prior to sentencing, Napier retained new counsel and filed the motion to vacate his "no contest" plea. At the hearing on the motion to vacate, Napier was the only individual who provided testimony. Napier testified that he had no contact with his court appointed counsel before the day he entered his "no contest" pleas. On that day, Napier claimed that he spoke with counsel for approximately ten to fifteen minutes during which time their conversation was interrupted twice. Napier stated that she advised him to enter the "no contest" pleas in order to conclude the proceedings quickly. Napier testified that she told him if he did not, the judge would become angry with him.
 {¶ 4} Napier also testified that just prior to the plea hearing, he attempted to show a letter to his attorney from the Kettering Chief of Police which addressed a complaint Napier filed against the Kettering police officer who initially arrested him. After the pleas were entered, Napier provided the attorney with the letter. Napier testified that his lawyer stated that if she had read the letter before the hearing, she might have handled the case differently. Lastly, Napier testified that he was confused and uncertain about what particular course of action to take on the day he entered the "no contest" pleas. As stated earlier, the court denied Napier's motion to vacate his "no contest" pleas in a written decision dated July 30, 2004.
 {¶ 5} On September 21, 2004, Napier was subsequently sentenced. On the conviction for possession of a wild animal, Napier received a $250.00 fine of which the court suspended $100.00. The court also sentenced Napier to thirty days in jail but then ordered it suspended. On the conviction for cruelty to animals, Napier received a $750.00 fine which the court immediately suspended. Napier also received ninety days in jail, but the court suspended seventy-five days of the sentence.
 {¶ 6} From his conviction and sentence, Napier appeals.
 II {¶ 7} Napier's sole assignment is as follows:
 {¶ 8} "The trial court committed an abuse of discretion by denying appellant's petition to vacate the no contest plea."
 {¶ 9} In his only assignment of error, Napier contends the trial court erred when it overruled his motion to vacate his no contest pleas. In support of his contention, Napier argues that his appointed counsel did not devote sufficient time to investigating his case before advising him to withdraw his original plea of not guilty and enter no contest pleas. We agree.
 {¶ 10} It is within the sound discretion of the trial court to grant or deny a motion to withdraw a guilty plea. State v. Xie (1992),62 Ohio St.3d 521, paragraph two of the syllabus. We will not reverse a trial court's decision to deny a motion to withdraw a guilty plea absent an abuse of discretion. Id. at 527, citing State v. Adams (1980),62 Ohio St.2d 151, 157. An abuse of discretion connotes more than an error of judgment; it implies the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. In applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I (1991), 57 Ohio St.3d 135, 137-138.
 {¶ 11} A motion to withdraw a plea of guilty or no contest is governed by Crim.R. 32.1, which states:
 {¶ 12} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 13} The Ohio Supreme Court has ruled that a trial court should "freely and liberally grant" a presentence motion to withdraw a guilty plea. Xie, supra, at 527. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Instead, the trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis
for withdrawal of the plea." Id. (Emphasis added.)
 {¶ 14} In reviewing whether the trial court abused its discretion, we apply the following factors: "(1) whether the accused was represented by highly competent counsel; (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the withdrawal motion; and (4) whether the trial court gave full and fair consideration to the motion." State v. McNeil (2001),146 Ohio App.3d 173, 176, citing State v. Peterseim (1980),68 Ohio App.2d 211, 214. A change of heart or mistaken belief about his guilty plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw his guilty plea. State v. Lambros
(1988), 44 Ohio App.3d 102, 103.
 {¶ 15} In the instant case, Napier argues that his appointed counsel was not highly competent insofar as she did not adequately investigate Napier's case nor did she correctly advise him with respect to his no contest pleas. Essentially, Napier contends he was prejudiced by his counsel's failure to properly handle his case. Thus, he was unable to knowingly and voluntarily enter no contest pleas.
 {¶ 16} Napier stated that his appointed counsel did not meet or attempt to interview him at any time prior to May 25, 2004. On the day he met his court appointed lawyer, he withdrew his initial plea of not guilty and pled no contest to the charges. It is incumbent upon trial counsel to investigate (mitigating) circumstances in order to make informed tactical decisions about which information would be most helpful to the client's case. See State v. Johnson (1986), 24 Ohio St.3d 87, 90,494 N.E.2d 1061. In Ohio, a properly licensed attorney is presumed competent. State v. Lot (1990), 51 Ohio St.3d 164. However, deficient performance can prejudice an accused.
 {¶ 17} Napier argues that had appointed counsel taken adequate time and properly interviewed him with respect to his case, she would have discovered a letter sent to Napier by the Kettering Chief of Police. In that letter, the Police Chief responded to a complaint filed by Napier against the Kettering police officer who originally searched his home and arrested him. The Police Chief acknowledges the fact that the arresting officer entered Napier's home under the mistaken impression that a valid search warrant had been issued for the premises. It was only after the police officer followed Napier into his home that Napier purportedly acquiesced to his presence there.
 {¶ 18} Because no valid search warrant had been issued, the police officer's presence in Napier's home was arguably unlawful. Any evidence discovered as a result of that unlawful search would be the proper subject of a motion to suppress. Napier testified that immediately prior to the plea hearing, he attempted to show his appointed counsel the letter, but she was very busy and distracted during this solitary interview. In fact, Napier testified that during the course of their ten to fifteen minute meeting, defense counsel was interrupted twice. After the plea hearing, Napier testified that he was able to show the letter to his counsel. After she read the letter, Napier testified that his lawyer stated that had she seen the letter before Napier changed his pleas, she may have advised him to follow a different course of action.
 {¶ 19} Few acts or omissions of counsel may fairly and accurately be termed "incompetent." Moreover, we are reluctant to provide instruction to counsel with respect to the handling of their cases. However, when an attorney as here, neglects to file a motion to suppress evidence, which at least arguably could dispose of a criminal charge or charges against her client, the client is deprived of the assistance of competent counsel which amounts to a denial of due process. Defense counsel's failure to adequately investigate and prepare Napier's case resulted in her advising him to plead no contest to charges which carried some likelihood of being dismissed had the proper motion to suppress been filed. Equally troubling is the fact that appointed counsel had not interviewed Napier before the day of plea, and if provided discovery prior to recommending a plea, failed to recognize the significance of a warrantless entry into Napier's home.
 {¶ 20} With the exception of the first element, the trial court followed all the necessary procedures mandated under McNeil andPeterseim, supra, insofar as it provided Napier a full Crim.R. 11 hearing before he entered his no contest plea. Further, the court conducted a full hearing on the withdrawal motion filed June 9, 2004. Lastly, the record reflects that the trial court gave thorough consideration to Napier's motion. However, in light of the evidence before us, we find that the trial court erred when it found that Napier was represented by highly competent counsel when he entered his no contest pleas. Clearly, had Napier's appointed counsel been more attentive to her client's case, she should have handled the case differently. Under these circumstances, Napier possessed a "reasonable and legitimate basis" upon which to vacate his no contest plea.
 {¶ 21} Based upon the foregoing, Napier's single assignment of error is sustained, the judgment of the Kettering Municipal Court is reversed, and this matter is remanded to that court for further proceedings in accordance with this opinion.
 {¶ 22} Judgment reversed and cause remanded.
Brogan, P.J., and Wolff, J., concur.