[Cite as *State v. Baker*, 2012-Ohio-853.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. William B Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| JESSE JAMES BAKER | : | Case No. 11 CA 16 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from Court of Common
                             Pleas, Case No. 10 CR 103



JUDGMENT:                    Reversed and Remanded



DATE OF JUDGMENT ENTRY:      February 28, 2012



APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

STEVEN KNOWLING                       CLARK W. OWENS
PROSECUTING ATTORNEY                  132 South Market Street
164 East Jackson Street               Suite 204
Millersburg, Ohio  44654             Wooster, Ohio  44691

*Wise, J.*

**{¶1}** Appellant Jesse James Baker appeals his sentence and conviction entered in the Holmes County Common Pleas Court. Appellant also appeals the denial of his motion to withdraw his guilty plea.

**{¶2}** Appellee is the State of Ohio.

<u>STATEMENT OF THE FACTS AND CASE</u>

**{¶3}** This case involves a negotiated plea and, as such, the only reference to the facts contained in the record is in the transcript of the February 17, 2011, plea hearing. The Prosecutor summarized the facts underlying the plea as follows:

**{¶4}** Prosecutor: "… on October 22nd agents of the Holmes County Prosecuting Drug Enforcement Unit as well as the Medway Drug Enforcement Unit executed a search warrant on Township Road 212 in Washington Township here in Holmes County. The search warrant was for a trailer camper as well as a garage and a house.

**{¶5}** "During the search of the camper and the garage the defendant's codefendant was found in an active cook of Methamphetamine in the garage. The search warrant of the camper itself revealed numerous chemicals necessary for the production of Methamphetamine, including but not limited to ah, ammonia nitrate and cold packs, hydrochloric acid, lye, Coleman fuel, common drain opener, nuratic acid, pseudoephedrine, which is cold pills ah, and lithium battery strips. In addition there was numerous what's called Meth trash, the byproducts from a previous cook of Methamphetamine. Methamphetamine itself, finished product was found in the camper as well as Heroin and a .22 rifle was found inside the camper loaded with 17 rounds,

which we found to be an operable firearm after being test fired. His camper was approximately 10 or 12 by 16, one room. The defendant has a prior conviction in Darke County in 2004 for Possession of Cocaine. That's a felony conviction." (T. at 1-13).

{¶6} On November 23, 2010, the Holmes County Grand Jury indicted Appellant, together with a co-defendant, on the following charges:

{¶7} Count I: Illegal Manufacture of Methamphetamine, in violation of R.C. 2925.04, a second degree felony;

{¶8} Count II: Illegal Assembly or Possession of Chemicals/Methamphetamine, in violation of R.C. 2925.041, a third degree felony;

{¶9} Count III: Aggravated Trafficking in Methamphetamine, in violation of R.C. 2925.03, a third degree felony;

{¶10} Count IV: Possession of Methamphetamine, in violation of R.C. 2925.11, a third degree felony;

{¶11} Count V: Possession of Heroin, in violation of R.C. 2925.11, a fifth degree felony;

{¶12} Count VI: Possession of Paraphernalia, in violation of R.C. 2925.14, a fourth degree misdemeanor;

{¶13} Count VII: Weapons Under Disability, in violation of R.C. 2923.13, a third degree felony.

{¶14} The Indictment also contained a forfeiture specification and a firearm specification. The forfeiture specification listed the items to be forfeited, and alleged that the items were either used or intended to be used in the commission or facilitation of a felony or that they were contraband or proceeds.

**{¶15}** On January 11, 2011, Appellant was also indicted in Case No. 11CR002. This indictment contained one count of Illegal Manufacture/Methamphetamine, F2, in violation of R.C. 2925.04, one count of Illegal Assembly, F3, in violation of R.C. 2925.041, and one firearm specification assigned to both counts. The only difference between these counts and the first two counts in Case No. 10CR103 was that the date of offense in 10CR103 was stated as "October 26, 2010," and in 11CR002 it was given as "On or about October 1, 2010 through October 25, 2010."

**{¶16}** On January 6, 2011, a pre-trial hearing was held. At this time the two cases were ordered joined for trial by Judgment Entry dated January 14, 2011.

**{¶17}** On January 21, 2011, the trial court issued a Judgment Entry indicating the case had been scheduled for trial on January 6, 2011, but that two previous judges had abandoned the case due to conflicts of interest and/or scheduling, and the present judge on assignment was not able to conduct the expected 3-day trial due to its own docket conflicts in Wayne County, and was unable to do so until February 22, 2011. The trial court therefore ordered a continuance, acknowledging that Appellant had been incarcerated since October 26, 2010, but citing R.C. 2945.72(H), as basis for a reasonable continuance.

**{¶18}** On January 26, 2011, upon motion by the State, the trial court amended Counts III and IV in Case No. 10CR103 from Felony 3 to Felony 4 offenses.

**{¶19}** On February 3, 2011, Appellant filed a pro se Motion to Dismiss, based on a claim of violation of speedy trial rights.

**{¶20}** On February 17, 2011, Appellant entered guilty pleas to Counts II, V, and VII of the original indictment as follows: one count of Illegal Assembly or Possession of

Chemicals Necessary for the Manufacture of Methamphetamine (Count II), in violation of R.C. 2925.041, a felony of the third degree with a two year minimum mandatory sentence; one count of Possession of Heroin (Count V), in violation of R.C. 2925.11, a felony of the fifth degree; and one count of Having Weapons While Under Disability (Count VII), in violation of R.C. 2923.13, a felony of the third degree. In addition, Appellant pled guilty to the firearm specification contained in the indictment which carried a one-year mandatory prison sentence. Appellant further consented and stipulated to the property forfeiture specification contained in the indictment. The remaining counts in Case No. 10-CR-103, as well as the indictment in Case No. 11-CR-002, were dismissed.

{¶21} After his plea, the trial judge granted Appellant an "O.R." bond with certain reporting conditions. Subsequently, a bench warrant was issued due to Appellant's failure to comply with the reporting requirements of this bond.

{¶22} Appellant failed to appear at his March sentencing date.

{¶23} Appellant was eventually located in the State of Illinois, arrested and appeared for sentencing on August 2, 2011.

{¶24} Prior to sentence being imposed, Appellant moved to withdraw his guilty plea. The trial court held a hearing, at which time the State opposed Appellant's motion. The trial court denied defendant's motion. (T. at 1-4).

{¶25} The trial court then proceeded to sentence Appellant as follows:

{¶26} Count II. Illegal Assembly of Chemicals- 2 years minimum mandatory.

{¶27} Count V. Possession of Heroin - 1 year.

{¶28} Count VII. Weapons Under Disability- 1 year.

**{¶29}** Firearm specification - 1 year.

**{¶30}** Count V was ordered to run concurrent with Count II and Count VII was ordered to run consecutive to Counts I and II, for a total sentence of four years.

**{¶31}** A separate judgment entry was filed on August 3, 2011, forfeiting the items listed in the original indictment forfeiture specification.

**{¶32}** The original sentencing judgment entry was filed on August 3, 2011, followed by a Nunc Pro Tunc sentencing judgment entry on August 30, 2011, to correct the numbering of the counts to which Appellant pled guilty.

**{¶33}** It is from this judgment entry that Appellant now appeals, assigning the following errors for review:

<u>ASSIGNMENTS OF ERROR</u>

**{¶34}** "I. THE TRIAL COURT COMMITTED PLAIN ERROR BY FAILING TO GIVE CREDIT FOR ALL TIME SERVED.

**{¶35}** "II. MR. BAKER'S GUILTY PLEA WAS NOT KNOWING AND VOLUNTARY.

**{¶36}** "III. THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ALLOWING MR. BAKER TO WITHDRAW HIS PLEA UPON HIS MOTION PRIOR TO SENTENCING.

**{¶37}** "IV. MR. BAKER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL INVOLVING PLAIN ERRORS.

**{¶38}** "V. THE SENTENCE IS CONTRARY TO LAW BY VIRTUE OF BEING MEANINGLESS.

**{¶39}** "VI. THE JUDGMENT ENTRY OF SENTENCING IS CONTRARY TO LAW BECAUSE IT DOES NOT DISPOSE OF ALL THE MATTERS IN THE INDICTMENT, AND MAY NOT BE A FINAL, APPEALABLE ORDER.

**{¶40}** "VII. THE SENTENCING COURT COMMITTED PLAIN ERROR AND THE JUDGMENT ENTRY OF SENTENCING IS CONTRARY TO LAW BECAUSE IT DOES NOT INCLUDE NOTICE OF PENALTIES FOR VIOLATION OF POST-RELEASE CONTROL, NOR DOES IT INCLUDE SECTION REFERENCES FOR THE SPECIFICATIONS."

III.

**{¶41}** For purposes of economy, we shall address Appellant's assignments of error out of order.

**{¶42}** In Appellant's third assignment of error, he claims that the trial court erred in denying his motion to withdraw his guilty plea.

**{¶43}** Crim.R. 32.1 governs withdrawal of guilty plea and states:

**{¶44}** "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

**{¶45}** Unlike the "manifest injustice" standard governing a post-sentence motion, Crim.R. 32.1 has no specific guidelines for granting a presentence motion to withdraw a guilty plea. *State v. Calloway,* Hamilton App.No. C-040066, 2004-Ohio-5613, ¶ 11, citing *State v. Xie* (1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715.

**{¶46}** The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. *State v. Smith* (1977), 49 Ohio St.2d 261. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

**{¶47}** "It is well established that, even though a defendant does not have an absolute right to withdraw a plea prior to sentencing, a presentence motion to withdraw a guilty plea should be 'freely and liberally granted.' * * *  Although such a motion is to be treated liberally, the trial court's decision is still ultimately one of discretion. In determining whether the trial court has properly exercised its discretion, this Court is aided by the following factors: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion.* * * In addition to these factors, there are other considerations, including (1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges." *State v. McNeil* (2001), 146 Ohio App.3d 173, 175-176. (Footnotes omitted.)

**{¶48}** The State of Ohio concedes Appellant's assignment of error has merit.

**{¶49}** Here, Appellant pled guilty pursuant to a plea agreement.  However, prior to sentencing, Appellant moved the trial court to allow him to withdraw his guilty plea.

{¶50} A review of the sentencing hearing reveals that Appellant expressed to the trial court that it had always been his wish to have a jury trial in this matter and, further, that he wanted to raise issues concerning the search warrant.

{¶51} As Appellant did articulate specific reasons in support of his motion to withdraw and did make his motion to withdraw prior to imposition of sentence, we find that the trial court did abuse its discretion in not freely and liberally granting such motion in this case.

{¶52} Since the record reflects the trial court abused its discretion in denying Appellant's motion to withdraw his guilty pleas, his convictions and sentences are vacated, and his case is remanded for further proceedings.

{¶53} We further find that this disposition renders Appellant's remaining assignments of error moot. App.R. 12(A)(1)(c).

{¶54} Accordingly, the judgment of the Common Pleas Court, Holmes County, Ohio, is reversed. Appellant's pleas and convictions are vacated, and this case is remanded.

By: Wise, J.

Hoffman, P.J., and

Farmer, J., concur.

_____

_____

_____

JUDGES

JWW/d 0217

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JESSE JAMES BAKER | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 11 CA 16 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Holmes County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.

Costs to Appellee.

_____

_____

_____
JUDGES