[Cite as *State v. Brown*, 2013-Ohio-1535.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| DAVID B. BROWN | : | Case No. 12-CA-65 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 11CR402



JUDGMENT:                         Reversed and Remanded




DATE OF JUDGMENT:                 April 12, 2013




APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

BRIAN T. WALTZ                            SIOBHAN R. CLOVIS
20 South Second Street                    36 North Second Street
4th Floor                                 P.O. Box 919
Newark, OH  43055                         Newark, OH  43058

*Farmer, J.*

{¶1}   On August 26, 2011, the Licking County Grand Jury indicted appellant, David Brown, on one count of felonious assault in violation of R.C. 2903.11, one count of attempted murder in violation of R.C. 2903.02 and R.C. 2923.02, one count of discharging a firearm on or near prohibited premises in violation of R.C. 2923.162, and one count of tampering with evidence in violation of R.C. 2921.12.   The indictment carried firearm and forfeiture specifications.

{¶2}   On June 13, 2012, appellant pled guilty to all but the attempted murder count which was dismissed.   In a letter filed July 11, 2012, appellant requested to withdraw his plea.   On July 23, 2012, the trial court denied the motion.   By sentencing entry filed July 25, 2012, the trial court sentenced appellant to seven years and nine months in prison.

{¶3}   Appellant filed an appeal and this matter is now before this court for consideration.   Assignments of error are as follows:

I

{¶4}   "THE TRIAL COURT ERRED IN REFUSING TO GRANT MR. BROWN'S PRESENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA."

II

{¶5}   "IT WAS ERROR TO SENTENCE MR. BROWN TO CONSECUTIVE PRISON TERMS."

I

{¶6}   Appellant claims the trial court erred in denying his presentence motion to withdraw his guilty plea.   We agree.

{¶7} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. *State v. Smith,* 49 Ohio St.2d 261 (1977). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

It is well established that, even though a defendant does not have an absolute right to withdraw a plea prior to sentencing, a presentence motion to withdraw a guilty plea should be "freely and liberally granted."***Although such a motion is to be treated liberally, the trial court's decision is still ultimately one of discretion. In determining whether the trial court has properly exercised its discretion, this court is aided by the following factors: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion.***In addition to these factors, there are other considerations, including (1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the

withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges.

*State v. McNeil,* 146 Ohio App.3d 173, 175-176 (1st Dist. 2001).  (Footnotes omitted.)

{¶8}  Appellant argues his motion to withdraw his plea should have been granted because he was reluctant to plea as demonstrated by the change of plea hearing held on June 13, 2012.  He immediately realized his error and wrote to the trial court requesting to withdraw his plea.  See, Letter filed July 11, 2012.  The state would not be prejudiced if the request was granted.

{¶9}  During the change of plea hearing, appellant informed the trial court he was in agreement with the plea, although at first he was under the impression he was going to plead "no contest," and he affirmatively stated he was not under the influence of any drugs, medication or alcohol.  June 13, 2012 T. at 6, 8.  In all respects, the plea conformed to the mandates of Crim.R. 11.

{¶10}  Just prior to entering his plea, the trial court asked appellant if he had any questions.  *Id.* at 15.  He appeared to have one, but upon consultation with his counsel, he declined to ask any questions.  *Id.*  When asked if he had enough time to think about his decision, appellant made the following statements (*Id.* at 16):

Well, I really - - really don't understand a lot of things about the law, and I was under the assumption that being a citizen of the United States and

under the authority of the Constitution of the United States we had certain rights, and if those rights were - - if those rights were denied then sometimes cases could be thrown out.

\*\*\*

Well, my - - my Constitutional right, to be read my rights was denied. My rights to an attorney was denied, and if that doesn't mean anything, then I guess I might as well just plead guilty.

{¶11} The trial court explained the following to appellant (*Id.* at 18):

But you are also getting the benefit, if you decide to go forward, you're getting the benefit, based on the discussions here today, that Count 2, the most serious charge, a count of attempted murder, a felony of the first degree, would be dismissed on your agreement to plead to the remaining charges, so I guess, what you need to tell me is whether or not you want to proceed and enter these guilty pleas as we have discussed here today or not. If you decide not to, then I will issue my decision on your suppression issues, and then the case will proceed accordingly.

{¶12} Appellant then stated "I'll enter a guilty plea." *Id.*

{¶13} In his letter to the trial court, appellant reargued the issues heard during his suppression hearing, and claimed he was unable to make the decision to plea and was talked in to doing so by his trial counsel:

I can prove it with the laws of physics evidence my attorney knew and would not present. With my state of malnutrition and apathy he induced panic and talked me into pleaing (sic) to things I'm not gilty (sic) of. He broke His oath as an attorney in more than one issue, he is a gansture (sic). I recant my plea of gilty (sic), and wish to represent my self (sic).

{¶14} During the sentencing hearing, appellant argued his trial counsel did not investigate the available defenses, and stated "I think, I really got - -***- - a pig in a poke with Mr. Gatterdam." July 23, 2012 T. at 7-8. Mr. Gatterdam was paid for by appellant and was his second attorney. *Id.* at 8. Appellant explained, "[b]ecause he had me in a state of mind that I couldn't think right, and even right now, I'm in a state of mind from the malnutrition from being ten months in the Licking County Jail that no single meal even comes close to the recommended daily allowance set by the U.S.D.A. which since November 8th, I've kept a record of every single meal." *Id.* at 9-10.

{¶15} The trial court summarized appellant's arguments as follows (*Id.* at 17-18):

And that decision, obviously, benefited you, Mr. Brown. I mean, you're complaining about things that have benefited you, and you're making these - -***- - illogical arguments. Listen. We can't both talk. You're making these illogical arguments that, frankly, just don't support this notion you have that that there's this evidence out there that will exonerate you, and no one's taken the time to look for it or to try to find it or investigate

the case, and you know, that's just not the case at all.  We had a

suppression hearing.  We, frankly, the bulk of that suppression hearing,

was playing the video tape that you made - -

{¶16}  It appears appellant's reasons for requesting to withdraw his guilty plea are that he was not thinking clearly, he was forced to plea, the suppression of his statements should have been granted, and the quality of some forensic evidence was questionable.

{¶17}  Normally, a change of heart to a guilty plea that was given in exchange for a reduction of a serious offense (attempted murder) must be weighed against the reasons advanced for the plea.  In this case, the central issue raised by appellant is the voluntariness of his plea.  His claims of confusion are refuted by the statements he made during the Crim. R. 11 colloquy.

{¶18}  We concur that appellant's other arguments about experts, photographs being blurry, and violations of his Constitutional rights, are not valid reasons for withdrawing a plea.  However, the claim of competency raised by appellant does cast a shadow on the issue and absent any showing of prejudice to the state, we find the request should have been granted.

{¶19}  Upon review, we find the trial court erred in denying appellant's Crim.R. 32.1 motion to withdraw his guilty plea made prior to sentencing.

{¶20}  Assignment of Error I is granted.

II

{¶21} Based upon our decision in Assignment of Error I, this assignment is moot.

{¶22} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed.

By Farmer, J.

Wise, J. concur and

Hoffman dissents.


s / Sheila G. Farmer_____


s / John W. Wise_____


_____

JUDGES

SGF/sg 305

*Hoffman, P.J., dissenting*

{¶23} I respectfully dissent from the majority opinion.

{¶24} While recognizing pre-sentence motions to withdraw plea(s) are to be freely and liberally granted, the trial court has been provided guidance with factors it should consider in making such determination. The majority recites those factors in its reference to *State v. McNeil,* 146 Ohio App.3d 173, 175-176. The transcript reflects the trial court considered many of those factors in reaching its decision denying Appellant's motion. Because some of those factors support its decision, I am unwilling to find the trial court's application of them constitutes an abuse of discretion as that phrase has been defined.

s / William B. Hoffman_____
HON. WILLIAM B. HOFFMAN

[Cite as *State v. Brown*, 2013-Ohio-1535.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DAVID B. BROWN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-CA-65 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.


s / Sheila G. Farmer_____


s / John W. Wise_____


_____

JUDGES