[Cite as *State v. Nelson*, 2016-Ohio-2787.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| LEROY J. NELSON | : | Case No. CT2015-0057 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. CR2015-0189


JUDGMENT:                    Affirmed


DATE OF JUDGMENT:            May 2, 2016


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GERALD V. ANDERSON, II                WILLIAM T. CRAMER
27 North Fifth Street                 470 Olde Worthington Road
P.O. Box 189                          Suite 200
Zanesville, OH  43702-0189            Westerville, OH  43082

*Farmer, P.J.*

{¶1} On June 3, 2015, the Muskingum County Grand Jury indicted appellant, Leroy Nelson, on two counts of possession of drugs (cocaine and heroin) in violation of R.C. 2925.11. The indictment also contained a major drug offender specification under R.C. 2941.1410 and a forfeiture specification under R.C. 2941.1417. The heroin count was subsequently dismissed. Said charges arose from a drug trafficking investigation involving a Wesley Newman. Law enforcement officers obtained a warrant and placed a GPS device on an orange pick-up truck that Mr. Newman was known to operate. They then set up a controlled drug buy, and monitored the movements of the vehicle via the GSP system. At some point, officers stopped the vehicle and found appellant operating the vehicle, carrying cocaine on his person and inside the vehicle.

{¶2} On July 28, 2015, appellant filed a motion to suppress, claiming an illegal stop and improper *Miranda* warnings. A hearing was held on August 10, 2015. The trial court denied the motion.

{¶3} On August 20, 2015, appellant pled no contest to the remaining charge and the specifications. By entry filed August 25, 2015, the trial court found appellant guilty and ordered a presentence investigation.

{¶4} On October 5, 2015, appellant appeared for sentencing and moved to withdraw his plea. A hearing on the motion was held on October 14, 2015. By entry filed October 15, 2015, the trial court denied the motion and sentenced appellant to eleven years in prison.

{¶5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶6} "APPELLANT'S RIGHTS TO BE FREE FROM UNREASONABLE SEARCHES AND SEIZURES UNDER THE STATE AND FEDERAL CONSTITUTIONS WERE VIOLATED BY THE DENIAL OF THE MOTION TO SUPPRESS THE WARRANTLESS SEARCH OF THE VEHICLE THAT APPELLANT WAS DRIVING."

II

{¶7} "APPELLANT'S RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS, CRIM.R. 11, WERE VIOLATED BY THE TRIAL COURT'S FAILURE TO ENGAGE APPELLANT IN AN ADEQUATE PLEA COLLOQUY."

III

{¶8} "THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S PRESENTENCE MOTION TO WITHDRAW HIS PLEA."

I

{¶9} Appellant claims the trial court erred in denying his motion to suppress as the officers lacked probable cause to stop the vehicle he was driving. We disagree.

{¶10} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19 (1982); *State v. Klein,* 73 Ohio App.3d 486 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio

App.3d 37 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. *State v. Curry,* 95 Ohio App.3d 93 (8th Dist.1994); *State v. Claytor,* 85 Ohio App.3d 623 (4th Dist.1993); *Guysinger.* As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663 (1996), "…as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶11} In *Terry v. Ohio,* 392 U.S. 1, 22 (1968), the United States Supreme Court determined that "a police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possible criminal behavior even though there is no probable cause to make an arrest." However, for the propriety of a brief investigatory stop pursuant to *Terry*, the police officer involved "must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Id.* at 21. Such an investigatory stop "must be viewed in the light of the totality of the surrounding circumstances" presented to the police officer. *State v. Freeman,* 64 Ohio St.2d 291 (1980), paragraph one of the syllabus.

{¶12} As explained by the United States Supreme Court in *Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535 (1983):

As the Court frequently has remarked, probable cause is a flexible, common-sense standard. It merely requires that the facts available to the officer would "warrant a man of reasonable caution in the belief," *Carroll v. United States,* 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925), that certain items may be contraband or stolen property or useful as evidence of a crime; it does not demand any showing that such a belief be correct or more likely true than false. A "practical, nontechnical" probability that incriminating evidence is involved is all that is required. *Brinegar v. United States,* 338 U.S. 160, 176, 69 S.Ct. 1302, 1311, 93 L.Ed. 1879 (1949).

{¶13} In *Carroll v. United States,* 267 U.S. 132, 153, 45 S.Ct. 280 (1925), the United States Supreme Court explained the following:

We have made a somewhat extended reference to these statutes to show that the guaranty of freedom from unreasonable searches and seizures by the Fourth Amendment has been construed, practically since the beginning of the government, as recognizing a necessary difference between a search of a store, dwelling house, or other structure in respect of which a proper official warrant readily may be obtained and a search of a ship, motor boat, wagon, or automobile for contraband goods, where it is not practicable to secure a warrant, because the vehicle can be quickly moved out of the locality or jurisdiction in which the warrant must be sought.

{¶14} "If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more." *Pennsylvania v. Labron,* 518 U.S. 938, 940, 116 S.Ct. 2485 (1996).

{¶15} In the case sub judice, officers were investigating Mr. Newman for drug trafficking, not appellant. Officers obtained a warrant to place a GPS device on a vehicle Mr. Newman was known to operate. August 10, 2015 T. at 9. With the assistance of a confidential informant, the officers set up a drug buy with Mr. Newman to purchase five ounces of cocaine. *Id.* at 10, 12. The officers monitored the conversations between the confidential informant and Mr. Newman. *Id.* at 10-11. Mr. Newman stated he had three ounces of cocaine, so "he had to hit the highway to go get more cocaine." *Id.* at 12. The officers knew Mr. Newman "to be supplied out of Columbus, Ohio," so they watched the vehicle via GPS and "loosely tailed" him from a place he was working in Muskingum County to the place where he lived to Westerville, Ohio. *Id.* at 11-13. The officers visually observed Mr. Newman driving the vehicle during the day, but after it left Muskingum County, they never got close enough for a visual confirmation because "Mr. Newman knows the majority of our units." *Id.* at 11-14.

{¶16} A telephone call to the confidential informant from Mr. Newman confirmed that Mr. Newman had the drugs and could deliver them in forty-five minutes, the approximate time for the vehicle being tracked to return to Muskingum County from Westerville. *Id.* at 14-15. Mr. Newman told the confidential informant he needed about fifteen minutes "to break this thing down" to give him the requested five ounces. *Id.* at 15-16. The officers believed "there would be a larger quantity of drugs in the car than we

originally had thought." *Id.* at 15. They also believed Mr. Newman was operating the tracked vehicle based upon the monitored conversations and the tracking of the vehicle normally used by Mr. Newman. *Id.* at 16-17.

{¶17} We find these specific and articulable facts are sufficient to cause a reasonable officer to conclude the tracked vehicle was transporting contraband, and find sufficient probable cause to justify the stop of the moving vehicle.

{¶18} Upon review, we find the trial court did not err in denying the motion to suppress.

{¶19} Assignment of Error I is denied.

II

{¶20} Appellant claims the trial court erred in accepting his no contest plea because of an inadequate plea colloquy under Crim.R. 11. Specifically, appellant claims the trial court failed to inform him of the effect of his no contest plea and that the trial court could immediately proceed to sentencing. We disagree.

{¶21} Crim.R. 11 governs pleas and rights upon plea. Subsection (B)(2) and (C)(1)(b) state the following, respectively:

**(B) Effect of Guilty or No Contest Pleas.** With reference to the offense or offenses to which the plea is entered:

(2) The plea of no contest is not an admission of defendant's guilt, but is an admission of the truth of the facts alleged in the indictment, information, or complaint, and the plea or admission shall not be used against the defendant in any subsequent civil or criminal proceeding.

**(C) Pleas of Guilty and No Contest in Felony Cases.**

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶22} In *State v. Clark,* 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 31-32, the Supreme Court of Ohio explained the following:

When a trial judge fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), the guilty or no-contest plea is invalid "under a presumption that it was entered involuntarily and unknowingly." *Griggs,* 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12; see also *Nero,* 56 Ohio St.3d at 107, 564 N.E.2d 474, citing *Boykin,* 395 U.S. at 242–243, 89 S.Ct. 1709, 23 L.Ed.2d 274. However, if the trial judge imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies. *Id.* Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that "the defendant subjectively understands the implications of

his plea and the rights he is waiving," the plea may be upheld. *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474.

When the trial judge does not *substantially* comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court *partially* complied or *failed* to comply with the rule. If the trial judge partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect. See *Nero,* 56 Ohio St.3d at 108, 564 N.E.2d 474, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 93, 5 O.O.3d 52, 364 N.E.2d 1163, and Crim.R. 52(A); see also *Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d 1224, ¶ 23. The test for prejudice is "whether the plea would have otherwise been made." *Nero* at 108, 564 N.E.2d 474, citing *Stewart,* id. If the trial judge completely failed to comply with the rule, e.g., by not informing the defendant of a mandatory period of postrelease control, the plea must be vacated. See *Sarkozy,* 117 Ohio St.3d 86, 2008-Ohio-509, 881 N.E.2d, 1224, paragraph two of the syllabus. "A complete failure to comply with the rule does not implicate an analysis of prejudice." Id. at ¶ 22.

{¶23} Prior to entering his plea of no contest on August 20, 2015, appellant reviewed the plea form with his counsel and signed the form which contained the following language:

<u>Upon a plea of "no contest" to Count One as contained in the indictment, inclusive of the Specifications contained therein, the parties stipulate to the facts sufficient for a finding of guilty on the charges and submit stipulated exhibits concerning the scientific testing of the evidence. Defendant agrees to the forfeiture of the $150.00 in U.S. currency seized in regard to this matter to the State.</u>

\*\*\*

I know the Judge may either sentence me today or refer my case for a pre-sentence report.

{¶24}  At the start of the plea hearing, the prosecutor specifically stated, "[t]here is an agreement that the parties will stipulate to the facts sufficient for a finding of guilty on the charges and submit the stipulated exhibits concerning the scientific testing of the evidence which is attached to these forms here."  August 20, 2015 T. at 4.  During the plea colloquy, the prosecutor again stated, "[s]o we are stipulating the facts sufficient for the conviction and permitting the no contest plea."  *Id.* at 11.  Although the trial court did not specifically address the effect of a no contest plea with appellant, appellant stipulated that there were facts sufficient for conviction via his plea form and the issue was mentioned on two occasions prior to his no contest plea.  Following the plea, the trial court acknowledged the stipulation to the facts, "[a]s well as the Court did hear a suppression hearing and did hear testimony in regards to those same facts."  *Id.* at 14.  At no time during the plea hearing did appellant object to the stipulation.

{¶25} As for sentencing, although the trial court did not specifically inform appellant that it could immediately proceed to sentencing, the trial court did not proceed to sentencing upon finding appellant guilty, but instead ordered a presentence investigation report and deferred sentencing. *Id.* at 15-16.

{¶26} Appellant concedes these deficiencies are nonconstitutional. Appellant's Brief at 9-10. In reviewing the plea colloquy and the plea form signed by appellant, we find appellant has not demonstrated prejudice by showing that the plea would not have been made.

{¶27} Upon review, we find no prejudice to appellant in the trial court accepting his no contest plea.

{¶28} Assignment of Error II is denied.

III

{¶29} Appellant claims the trial court erred in not permitting him to withdraw his no contest plea prior to sentencing. We disagree.

{¶30} Crim.R. 32.1 governs withdrawal of guilty plea and states "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The right to withdraw a plea is not absolute and a trial court's decision on the issue is governed by the abuse of discretion standard. *State v. Smith,* 49 Ohio St.2d 261 (1977). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶31} In *State v. McNeil,* 146 Ohio App.3d 173, 175-176 (1st Dist.2001), our brethren from the First District explained the following:

It is well established that, even though a defendant does not have an absolute right to withdraw a plea prior to sentencing, a presentence motion to withdraw a guilty plea should be "freely and liberally granted."***Although such a motion is to be treated liberally, the trial court's decision is still ultimately one of discretion. In determining whether the trial court has properly exercised its discretion, this court is aided by the following factors: (1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion.***In addition to these factors, there are other considerations, including (1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges. (Footnotes omitted.)

{¶32} At the start of the sentencing hearing, appellant indicated his desire to withdraw his plea. October 5, 2015 T. at 5-8. The trial court held a hearing on the motion on October 14, 2015. Appellant argued he was merely borrowing the vehicle and should

not be penalized for drugs found inside the vehicle. October 14, 2015 T. at 5-7. In essence, appellant argued he was the innocent victim of driving a tracked vehicle and he should not bear the burden of the cocaine found other than on his person. *Id.* at 8.

{¶33} When questioned by the trial court regarding his plea, appellant explained he pled no contest because he would win on appeal. *Id.* at 7. The trial court noted appellant was gambling on a pending case in the Supreme Court of Ohio on the issue of determining the weight of cocaine which could "greatly reduce the charges against you." *Id.* at 8. In denying appellant's motion, the trial court found appellant's thirteenth hour change of heart was not sufficient to permit a withdrawal of the plea. *Id.* at 11-12.

{¶34} The record is replete with defense counsel's efforts to win a suppression hearing and obtain discovery. Appellant never denied he was the driver of the tracked vehicle, that he possessed cocaine on his person, and that a large amount of cocaine was inside the console of the vehicle. He was given full Crim.R. 11 and Crim.R. 32.1 hearings.

{¶35} Upon review, we find the trial court did not abuse its discretion in denying appellant's motion to withdraw his plea.

{¶36} Assignment of Error III is denied.

{¶37} The judgment of the Court of Common Pleas of Muskingum County, Ohio is hereby affirmed.

By Farmer, P.J.

Gwin, J. and

Wise, J. concur.

SGF/sg 422