DECISION AND JUDGMENT ENTRY
{¶ 1} Stephen P. Powers appeals his conviction in the Pickaway County Court of Common Pleas. Powers asserts that the trial court abused its discretion by denying his presentence motion to withdraw his guilty plea. Because we find that the trial court's decision was not arbitrary, unreasonable or unconscionable, we disagree. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} The Pickaway County Grand Jury indicted Powers on one count of murder, an unspecified felony, in violation of R.C.2903.02(B); one count of felonious assault, a felony of the first degree, in violation of R.C. 2903.11(A)(2); one count of reckless homicide, a felony of the third degree, in violation of R.C.2903.041; and, one count of endangering children, a felony of the second degree, in violation of R.C. 2919.22(B)(2). Each count included a firearm specification.
 {¶ 3} On April 28, 2003, the date set for trial, Powers entered into a plea agreement with the State. Pursuant to the terms of the agreement, the State amended the indictment by amending count one to involuntary manslaughter with a firearm specification, and merging counts two, three, and four into count one. Thereafter, the trial court conducted a full Crim.R. 11 hearing, wherein the court explained to Powers his rights under the Constitution of the United States and under the Constitution and laws of the State of Ohio.
 {¶ 4} Powers entered a plea of guilty to the offense of involuntary manslaughter with a firearm specification. Upon the trial court's inquiry, Powers indicated that he was making the plea voluntarily, with understanding of the nature of the crime charged and its penalty, and without threat or promise of leniency. The trial court accepted the plea.
 {¶ 5} After entering the plea, Powers retained new counsel. On July 1, 2003, two months after entering his guilty plea and prior to his sentencing, Powers filed a motion to withdraw his guilty plea pursuant to Crim.R. 32.1, alleging his innocence and pressure from trial counsel to agree to the plea as justifications for the withdrawal. The trial court conducted a full hearing upon Powers motion to withdraw his plea.
 {¶ 6} At the hearing, Powers testified that his former attorneys did not present the plea deal to him until the morning of the scheduled trial. Additionally, Powers testified that, to the best of his knowledge, his former attorneys had not hired or consulted any experts on his behalf, nor had they subpoenaed any witnesses to appear at the trial that was scheduled to occur the day he entered his plea. Therefore, Powers testified, he did not believe he had any choice in entering the plea, and that he began to have "second thoughts" about his plea the very day he entered into it. Powers further testified that his new counsel informed him of the availability of experts who could be called to testify on his behalf in an effort to prove his professed innocence. However, Powers did not identify any of the experts, nor did he testify or present any other evidence regarding the nature of the experts' proposed testimony. Accordingly, the trial court found that Powers failed to present a legitimate reason for withdrawing his guilty plea. Therefore, the trial court denied Powers' motion and proceeded to sentencing.
 {¶ 7} On September 16, 2003, the trial court sentenced Powers to ten years imprisonment for the offense of involuntary manslaughter and an additional three years imprisonment for the firearm specification to be served consecutively. Powers appeals his conviction, asserting the following assignment of error: "The Court of Common Pleas Abused its Discretion in Denying Stephen Powers' Motion to Vacate his Plea, by Relying on the Wrong Standard, and Because it was not Voluntary, Knowing and Intelligent, and there is a Reasonable Probability that but for Ineffective Assistance of Counsel He Would Not have Plead (sic) Guilty."[SLB1][1]
 II. {¶ 8} Pursuant to Crim. R. 32.1, a defendant may file a motion to withdraw his guilty plea prior to sentencing. The Ohio Supreme Court has ruled that a presentence motion to withdraw should be "freely and liberally granted." State v. Xie (1992),62 Ohio St.3d 521, 527. However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." Id. at paragraph one of the syllabus. Rather, a trial court "must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." Id. A change of heart or mistaken belief about his guilty plea does not constitute a basis that requires a court to permit the defendant to withdraw his guilty plea. State v. Lambros (1988),44 Ohio App.3d 102, 103.
 {¶ 9} The decision of whether to grant a motion to withdraw a guilty plea is left to the sound discretion of the trial court.Xie at paragraph two of the syllabus. The trial court is in the best position to resolve the good faith, credibility and weight of a defendant's assertions in support of his motion to withdraw his guilty plea. State v. Smith (1977), 49 Ohio St.2d 261, paragraph two of the syllabus. We will not reverse a trial court's decision on a motion to withdraw a guilty plea absent an abuse of discretion. Xie at 527, citing State v. Adams
(1980), 62 Ohio St.2d 151, 157. An abuse of discretion connotes more than an error in judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Furthermore, in applying the abuse of discretion standard of review, we are not free to merely substitute our judgment for that of the trial court. In re Jane Doe I (1991),57 Ohio St.3d 135, citing Berk v. Matthews (1990), 53 Ohio St.3d 161.
 {¶ 10} Our review to determine whether the trial court properly exercised its discretion is aided by the following factors: "(1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion."State v. McNeil (2001), 146 Ohio App.3d 173, 176, citing Statev. Peterseim (1980), 68 Ohio App.2d 211, 214. Other considerations that may weigh in our analysis include: "(1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges." McNeil citingState v. Fish (1995), 104 Ohio App.3d 236, 240.
 III. {¶ 11} Powers admits that he entered his plea after receiving a full Crim.R. 11 hearing. However, in support of his sole assignment of error, Powers proffered his own testimony that his plea was not voluntary, knowing, and intelligent due to allegedly ineffective assistance of counsel. Therefore, Powers contends that enforcement of the plea is unconstitutional under both the United States and Ohio Constitutions. Powers further testified that his innocence of all charges brought against him further justified the withdrawal of his plea. Additionally, Powers argues that statements made by the trial court at his sentencing hearing demonstrate that the trial court was incapable of giving full and fair consideration to his motion. Finally, Powers alleges that that the timeliness of his motion and the lack of prejudice to the State justify the withdrawal of his plea.
 A. {¶ 12} In order to prove a claim of ineffective assistance of counsel a defendant must show that his counsel's performance was deficient, i.e., not reasonably competent, and that counsel's deficiencies prejudiced his defense. Strickland v. Washington
(1984), 466 U.S. 668, 687; State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. To make this showing, a defendant must overcome the strong presumption that attorneys licensed to practice in Ohio provide competent representation.Bradley at 142. However, in the context of a guilty plea, a defendant must also demonstrate that there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v.Lockhart (1985), 474 U.S. 52, 58-59. See, also, State v.Parker (Jan. 6, 1998), Washington App. No. 96CA35. If one component of the Strickland test disposes of an ineffective assistance of counsel claim, it is not necessary to address both components. Bradley at 380-381, citing Strickland at 697.
 {¶ 13} Here, Powers contends that his former attorneys' representation was deficient in that counsel failed to discuss a plea arrangement with him before the day of his trial. Additionally, Powers testified that, to the best of his knowledge, his former attorneys had not hired any experts to testify on his behalf, and that they had not subpoenaed any witnesses to testify at the trial scheduled to occur the day he entered his plea. Powers argues that counsel presented him with the plea arrangement the morning of trial, and due to counsel's alleged failure to prepare for trial, he had no choice but to accept the plea or proceed to trial with no defense.
 {¶ 14} The mere failure to subpoena witnesses is not a substantial violation of an essential duty to a client in the absence of a showing that testimony of any one or more of the witnesses would have assisted the defense. Middletown v. Allen
(1989), 63 Ohio App.3d 443, 448; State v. Reese (1982),8 Ohio App.3d 202. Decisions regarding the calling of witnesses often fall within the purview of trial tactics and strategy. See Statev. Sears (Mar. 26, 1993), Washington App. No. 92CA5.
 {¶ 15} Here, Powers contends that his former attorneys erred by failing to subpoena any witnesses to testify on his behalf. However, Powers failed to submit any evidence to the trial court other than his own, broad, self-serving testimony that there were potential witnesses whose testimony would have aided his defense had his former attorneys subpoenaed them to testify at trial. Thus, he failed to demonstrate that his former attorneys' representation was inadequate as a result of their failure to subpoena witnesses to testify on his behalf.
 {¶ 16} Similarly, the only evidence Powers presented that his former counsel failed to timely inform him of the plea agreement was his own self-serving testimony. In contrast, we note that at the Crim. R. 11 hearing, the prosecutor stated for the record that he had conducted "extensive discussions" with Powers' former counsel to reach the plea agreement. Counsel had a duty to inform Powers of any possible plea bargain that resulted from those discussions. See, Krahn v. Kinney (1989), 43 Ohio St.3d 103
(holding that an attorney may be liable for legal malpractice for damages proximately resulting from a failure to inform a criminal defendant of a possible plea bargain). Thus, the trial court could reasonably have concluded that Powers' own self-serving testimony, in the absence of any other supporting evidence, was insufficient to overcome the strong presumption that his former attorneys fulfilled their duties and competently represented Powers by timely informing him of any plea bargain offered by the prosecution.
 {¶ 17} Based upon the foregoing, we cannot say that the trial court acted arbitrarily, unreasonably, or unconscionably in finding Powers' claims of ineffective assistance of counsel to be unsupported in fact.
 B. {¶ 18} In addition to his claim of ineffective assistance of counsel, Powers contends that his claims of innocence justify the withdrawal of his guilty plea. We disagree. A defendant's claims of innocence are not sufficient to warrant withdrawal of a plea knowingly entered. State v. Kandiko (Feb. 9, 1995), Cuyahoga App. No. 66888, State v. Frank (April 29, 1993), Cuyahoga App. No. 62201. All defendants who request a withdrawal of their plea base their request upon some claim of innocence. State v.McGowan (Oct. 3, 1996) Cuyahoga App. No. 68971. Here, Powers makes only an unsubstantiated claim of innocence, offering no explanation of the "numerous holes in the state's case" his current counsel claims to have found, or the "very good defense to this case" his counsel alluded to in his closing argument. Therefore, the trial court could reasonably have concluded that Powers profession of innocence was nothing more than a change of heart, which is an insufficient basis for withdrawing a guilty plea. State v. Lambros (1988), 44 Ohio App.3d 102, 103.
 C. {¶ 19} In his brief, Powers concedes that he received a full hearing on his motion to withdraw his plea. However, he alleges that the trial court did not give full and fair consideration to his motion due to the court's statement at his sentencing hearing, that "[t]here's an old saying, actions speak louder than words. And your actions tell me a whole lot more about you than frivolous motions or statements in open court that are just untrue." However, we note that the trial court made the statement nineteen days after the hearing on Powers' motion and eight days after the entry denying said motion, wherein the trial court specifically found that the motion was not supported in fact or in law. Further, our review of the record reveals that Powers simply failed to support his motion with any evidence other than his own bald assertions. Accordingly, we cannot find that the trial court's statement, made well after it ruled upon Powers' motion to withdraw his plea, and amply supported by the record, deprived Powers of his right to a full and fair consideration of his motion. Based upon the scant evidence presented at the hearing, we cannot say that the trial court acted arbitrarily, unreasonably, or unconscionably in finding no reasonable and legitimate basis for allowing Powers to withdraw his plea.
 D. {¶ 20} Lastly, Powers argues that the trial court failed to consider all of the relevant factors enumerated in State v.Fish (1995), 104 Ohio App.3d 236, in its denial of his motion to withdraw his plea. We have already discussed many of the Fish
factors above. However, Powers argues that the timeliness of his motion, filed two months after entering his plea and before his sentencing, as well as the alleged lack of prejudice to the State justify the withdrawal of his guilty plea. We disagree. While these factors may be important, we believe that they come into play only after the defendant satisfies the threshold issue of presenting a reasonable and legitimate basis for withdrawing his plea. Here, Powers simply failed to provide the trial court with any evidence to support his broad assertions that he had witnesses whose testimony would aid in his defense or that he had a valid defense to the charges against him. Because we find that the trial court did not abuse its discretion in finding that Powers advanced no reasonable and legitimate basis for withdrawing his plea, we find Powers' arguments regarding that the timeliness of his motion and the claimed lack of prejudice to the State unpersuasive.
 E. {¶ 21} In sum, because the record reflects that Powers received a full and fair hearing on his motion, and that he has failed to support his claims of inadequate assistance of counsel and his profession of innocence with any evidence other than his own bold assertions, we find that the trial court did not act arbitrarily, unreasonably or unconscionably in denying Powers motion to withdraw his guilty plea. Because Powers did not advance and support a legitimate and reasonable basis for withdrawing his plea, we find the timeliness of his motion and claimed lack of prejudice to the State irrelevant. Accordingly, we overrule Powers sole assignment of error and affirm the judgment of the trial court.
Judgment Affirmed.
Abele, J. and Grey, J.: Concur in Judgment and Opinion.
Hon. Lawrence A. Grey, retired of the Fourth Appellate District, sitting by assignment of the Ohio Supreme Court in the Fourth Appellate District.
[1] The State filed a motion to dismiss Powers' appeal noting that the September 2, 2003 entry was not a final appealable order. Pursuant to App.R. 4(C) and our decision in Keeton v.Telemedia Co. of S. Ohio (1994), 98 Ohio App.3d 405, fn. 3, we declined to dismiss the appeal, finding it appropriate to treat Powers' premature notice of appeal as if filed immediately after the September 16, 2003 sentencing entry.
[SLB1]Great footnote! That's the type of thing I need to do a better job mentioning/dealing with.