[Cite as *State v. Jarvis*, 2011-Ohio-6252.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No. 10CA11 |
| Plaintiff-Appellee, | : | |
| v. | : | MEMORANDUM DECISION AND JUDGMENT ENTRY |
| Christopher M. Jarvis, | : | |
| Defendant-Appellant. | : | **RELEASED 12/02/11** |

_____
APPEARANCES:

Timothy Young, Ohio State Public Defender, and Claire R. Cahoon, Ohio State
Assistant Public Defender, Columbus, Ohio, for appellant.

Jonathan D. Blanton, Jackson County Prosecuting Attorney, Jackson, Ohio, for
appellee.
_____
Harsha, P.J.

{¶1}    Christopher Jarvis appeals from his conviction by the Jackson County

Court of Common Pleas for one count of burglary and one count of escape.  In June

2010, the court sentenced Jarvis to nine years of incarceration and ordered him to pay

courts costs.  The trial court, however, failed to advise Jarvis that if he failed to pay

court costs, the court could order him to perform community service.  This timely appeal

followed.

{¶2}    Jarvis submits one assignment of error:

The trial court erred by imposing court costs without notifying Mr. Jarvis
that failure to pay court costs may result in the court's ordering him to
perform community service.  June 23, 2010 Order on Sentencing;
Sentencing Tr. 185.

{¶3}   R.C. 2947.23(A)(1)(a) requires trial courts to inform defendants that if they fail to pay court costs, they may be ordered to perform community service.  The state concedes that the court failed to provide Jarvis with this warning.

{¶4}   We have struggled with this issue.  Previously, we have held that until the state has released the petitioner from prison, the petitioner has failed to pay courts costs and the court has ordered him or her to perform community service, the issue was not yet ripe for appellate review.  See, e.g., *State v. Welch,* Washington App. No. 08CA29, 2009-Ohio-2655, at ¶14.  Judges Harsha and Abele, however, have often dissented from the application of the ripeness doctrine to situations related to R.C. 2947.23(A)(1).  See, e.g., *State v. Moore,* Gallia App. No. 09CA2, 2009-Ohio-5732, at ¶8 (Harsha, J., dissenting); and *State v. Knauff,* Adams App. No. 09CA881, 2009-Ohio-5535, at ¶7-8 (Abele, J., dissenting).

{¶5}   In *State v. Moss*, 186 Ohio App.3d 787, 2010-Ohio-1135, 930 N.E.2d 838, in a per curiam opinion in which Judges Harsha and Abele comprised the majority of the panel, this court concluded that it would not apply the ripeness doctrine and vacated the portion of the entry that imposed court costs and remanded the case to the trial court for resentencing.  And in *State v. Haught*, Washington App. No. 10CA34, 2011-Ohio-4767, an opinion written by Judge McFarland with Judge Harsha concurring, the panel agreed with the result in *Moss* and concluded the issue was ripe for review.  Thus, three of the four judges on the court now agree the issue is ripe for review and that the failure to provide the notice regarding community control required by R.C. 2947.23 is prejudicial error.

**{¶6}** Accordingly, we reverse the trial court's judgment as it relates to the imposition of court costs and remand for resentencing in compliance with R.C. 2947.23(A)(1)(a).[1]

**JUDGMENT REVERSED AND CAUSE REMANDED.**

---

[1] The dissent concludes our remand defeats the goal of judicial economy and asks, "Why order the trial court to do this?" The answer is simple. We do so because R.C. 2647.23(A)(1) requires the sentencing judge to provide notice to the defendant at sentencing of the consequences of the failure to pay court costs. Thus, rather than wasting judicial resources, we are applying the Supreme Court of Ohio's admonishment that no judge has the authority to disregard the law by ignoring a statutorily mandated term. *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, at ¶19. Moreover, absent resentencing and proper notice, the trial court cannot impose a community control sanction for failure to pay costs. That result clearly does not promote the interests of justice.

Kline, J., dissenting.

{¶7}   I respectfully dissent and would continue to follow the reasoning of *State v. Moore*, Gallia App. No. 09CA2, 2009-Ohio-5732, at ¶7.

{¶8}   I would continue to follow *Moore* for two reasons.  First, as his assignment of error demonstrates, Jarvis *already knows* that the trial court could order him to perform community service if he fails to pay court costs.  Second, the Supreme Court of Ohio "has held that costs are distinct from criminal punishment."  *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, at ¶20.  And because court costs are civil in nature, the failure to properly impose "court costs does not create the taint on the criminal sentence that the failure to [properly impose] postrelease control does."  Id. at ¶21.

{¶9}   Accordingly, what Jarvis is asking us to do is unnecessary and completely defeats the goal of judicial economy.  On remand, the trial court will tell Jarvis what he already knows.  Why order the trial court to do this?  Furthermore, how exactly has Jarvis been prejudiced?  He has actual knowledge of the community-service issue.  And because the trial court has not yet imposed community service, there is no taint on Jarvis's sentence that requires reversal.  What a complete waste of judicial resources.  If this is the law, then "[t]he law is an ass[.]"  *State v. Bowie*, Washington App. No. 01CA34, 2002-Ohio-3553, at ¶19 (Harsha, J., concurring in judgment only) (internal quotation omitted).

{¶10}  Thus, I dissent.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS REVERSED AND THE CAUSE REMANDED and that Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

McFarland, J.:  Concurs in Judgment and Opinion.
Kline, J.:  Dissents with Dissenting Opinion.


For the Court


BY: _____
          William H. Harsha
          Presiding Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**