[Cite as *State v. Jones*, 2013-Ohio-5416.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | Case No. 13CA3548 |
| v. | : | |
| | | DECISION AND |
| CARLOS JONES, | : | JUDGMENT ENTRY |
| Defendant-Appellant. | : | RELEASED 12/5/2013 |

APPEARANCES:

John A. Bay, Bay Law Office L.L.C., Columbus, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, and Pat Apel, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for Appellee.

Hoover, J.

{¶ 1} Carlos Jones ("Jones") appeals the Scioto County Common Pleas Court decision to deny his presentence motion to withdraw his guilty pleas. Jones argues that the trial court abused its discretion when it denied his motion to withdraw because he claims that he is innocent and that he was under a lot of pressure and stress to plead guilty. Because we find that the trial court's decision to deny the motion was not arbitrary, unreasonable or unconscionable, we disagree.

{¶ 2} Jones also contends that the trial court erred by imposing court costs without notifying him that his failure to pay such costs could result in the court ordering him to perform community service. Because at the time of his sentencing, statutory law mandated that the trial

court make such notification, we reverse the trial court's judgment as it relates to the imposition of court costs and remand for resentencing.

{¶ 3}  On May 26, 2010, the Scioto County Grand Jury returned an eight-count indictment against Jones charging him with numerous drug related offenses, a firearm specification, and a forfeiture specification.

{¶ 4}  Eventually, Jones entered into a plea agreement with the State.  Pursuant to the terms of the agreement, Jones agreed to plead guilty to Count 2 of the indictment, trafficking in drugs, and Count 4, having a weapon while under disability.  In exchange, the State agreed to dismiss charges that had been brought against certain co-defendants.

{¶ 5}  A plea hearing was held on October 21, 2010, whereupon the trial court informed Jones of the charges and of his constitutional rights, and the penalty provided by law, and that he was presumed innocent until proven guilty beyond a reasonable doubt.  At the hearing, Jones pleaded guilty to counts 2 and 4; and he stated that his acts were free and voluntary.  The trial court accepted the guilty pleas.  In compliance with the plea agreement, the State did dismiss the charges against Jones' co-defendants.

{¶ 6}   At the plea hearing, the trial court conditionally released Jones and ordered that he return to court on November 18, 2010, for his sentencing hearing.  As a condition of his release, the parties agreed that the State would recommend an eight year prison sentence, and further agreed that if he did not appear on the sentencing date or committed additional offenses while on release, a fifteen year sentence would be recommended.  The trial judge also informed Jones that he could face a charge of escape if he did not appear for sentencing.

{¶ 7}  At Jones' request, the trial court continued the sentencing hearing to December 6, 2010.  Jones, however, failed to appear at the scheduled hearing and the trial court issued a bench warrant.  Jones was eventually apprehended and appeared for sentencing on June 29, 2011.

{¶ 8}  During the sentencing hearing, Jones made an oral motion to withdraw his guilty pleas, alleging that he was innocent and that he was under pressure and stress to plea guilty.  In response, the State argued that the motion was not warranted, and that Jones sought to withdraw his guilty pleas simply to avoid the longer sentence that was likely to result from his failure to appear at the sentencing hearing.

{¶ 9}  The trial court denied Jones' motion and proceeded to sentence him to six years incarceration on the trafficking in drugs count and three years incarceration on the having a weapon while under disability count, for an aggregate sentence of nine years.  In addition, the trial court ordered the sum of $2,205.00[1] to be forfeited to the State; and the trial court ordered that Jones pay the costs of prosecution. A sentencing entry was journalized on June 30, 2011.

{¶ 10}  On October 17, 2011, Jones filed a notice of appeal and a motion for delayed appeal.  This Court granted the motion for delayed appeal; however, on July 9, 2012, we dismissed the appeal for lack of jurisdiction.  We found that six counts remained pending against Jones; therefore, a final appealable order did not exist.  *State v. Jones*, 4th Dist. Scioto No. 11CA3456, 2012-Ohio-3169.

{¶ 11}  In October 2012, Jones filed a pro se "motion for sentencing pursuant to Crim.R. 43(A)."  On November 20, 2012, the trial court journalized an "entry of dismissal of counts 1, 3, 5, 6, 7, and 8 of the indictment."  Although the entry states "cc: Carlos Jones," the online docket does not show that a copy of the trial court's entry was mailed to Jones.

---

[1] The trial court filed an amended judgment entry, on November 13, 2012, increasing the forfeiture award to $2,585.00.

{¶ 12} In February 2013, Jones filed a petition for a writ of procedendo seeking an order compelling the Scioto County Common Pleas Court Judge Howard Harcha III to answer the "motion for sentencing pursuant to Crim.R. 43(A)." Judge Harcha filed a motion to dismiss on the grounds that he had already responded to Jones' motion by issuing the November 20, 2012 entry. We granted the motion to dismiss the petition for writ of procedendo on May 3, 2013. *State ex rel. Jones v. Harcha*, 4th Dist. Scioto No. 13CA3535.

{¶ 13} On April 22, 2013, Jones filed a notice of appeal and a motion for leave to file a delayed appeal contending that he did not receive a copy of the entry dismissing the remaining counts against him until March 18, 2013. In support of his motion, Jones attached a copy of an envelope from the Scioto County Court of Common Pleas postmarked March 15, 2013.

{¶ 14} This Court granted Jones' motion for leave to file a delayed appeal on July 5, 2013. He presents three assignments of error for our review:

First Assignment of Error:

> The trial court erred and abused its discretion by denying Mr. Jones['] presentence motion to withdraw his guilty plea. (June 30, 2011 Transcript, pp. 4-5).

Second Assignment of Error:

> The trial court erred by imposing court costs without notifying Mr. Jones that his failure to pay such costs may result in the court ordering him to perform community service. (June 30, 2011 Sentencing Hearing Transcript, p. 10; June 30, 2011 Judgment Entry).

Third Assignment of Error:

> The trial court committed plain error and denied Mr. Jones due process of law when it imposed court costs without the proper notification that his failure to pay court costs may result in the court ordering him to perform community service. Fifth and Fourteenth Amendments to the United States Constitution; Section 16, Article I of the Ohio Constitution; R.C. 2947.23; Crim.R. 52(B). (June 30, 2011 Sentencing Hearing Transcript, p. 10; June 30, 2011 Judgment Entry).

{¶ 15}  In his first assignment of error, Jones contends that the trial court erred by denying his oral presentence motion to withdraw his guilty pleas.  Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  " '[A] presentence motion to withdraw a guilty plea should be freely and liberally granted.' "  *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57, quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).  However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing.  A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea."  *Xie* at paragraph one of the syllabus.

{¶ 16}  A trial court possesses discretion to grant or deny a presentence motion to withdraw a plea, and we will not reverse the court's decision absent an abuse of that discretion.  *See id*. at paragraph two of the syllabus, 527.  The phrase "abuse of discretion" implies the court's attitude is unreasonable, unconscionable, or arbitrary.  *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).  Furthermore, "[w]hen applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court."  *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

{¶ 17}  We have set forth a list of factors that we consider when determining whether a trial court abused its discretion by denying a presentence motion to withdraw a plea: " '(1) whether the accused was represented by highly competent counsel, (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea, (3) whether a full hearing was held on the withdrawal motion, and (4) whether the trial court gave full and fair consideration to the motion.' "  *State v. Campbell*, 4th Dist. Athens No. 08CA31, 2009-Ohio-4992, ¶ 7, quoting *State*

*v. McNeil*, 146 Ohio App.3d 173, 176, 765 N.E.2d 884 (1st Dist.2001). Other considerations include: " '(1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps guilty or had a complete defense to the charges.' " *Id*., quoting *McNeil* at 176. However, a change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea. *Id*., citing *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

{¶ 18} Here, Jones was represented by competent legal counsel at the trial level, and Jones admits that he received a full Crim.R. 11 hearing prior to entering his plea. Jones further admits that he understood the nature of the charges against him as well as the possible penalties involved. Jones argues, however, that the trial court did not give full and fair consideration to his motion. Specifically, Jones alleges that the discussion of his motion to withdraw "was limited."

{¶ 19} Despite Jones' argument, a review of the sentencing hearing transcript reveals that the trial court engaged in an extended colloquy with Jones on the motion to withdraw. The trial court permitted defense counsel, and Jones himself, to elaborate on his arguments. In support of his motion, defense counsel stated that Jones sought to withdraw his guilty pleas because he was innocent, that Jones did not possess drugs at the time of his arrest, and that Jones could explain how he came to possess the money that was on his person at the time of his arrest. Jones further elaborated that he was under pressure to plead guilty, apparently by members of his family, and that he only intended to buy drugs at the time of his arrest.

{¶ 20} An unsubstantiated claim of innocence is not sufficient to warrant withdrawal of a plea knowingly entered. *State v. Powers*, 4th Dist. Pickaway No. 03CA21, 2004-Ohio-2720, ¶

18.  Here, Jones did not support his motion with any evidence other than his bald, self-serving assertions of innocence.  Similarly, Jones failed to explain how he was pressured and stressed to plead guilty.  Moreover, his assertion that he was pressured and stressed is belied by his representation at the plea hearing that his pleas were made voluntarily.  A trial court can reasonably conclude that unsupported claims of innocence are nothing more than a change of heart, which is not a reasonable and legitimate basis for withdrawing a guilty plea.  *Id*.  In view of the meritless arguments asserted in support of the motion to withdraw the guilty pleas, we believe that the trial court did give full and fair consideration to the motion.  *See State v. Nickelson*, 4th Dist. Lawrence No. 09CA8, 2009-Ohio-7006, ¶ 16 ("The scope of a hearing on a Crim.R. 32.1 motion need only reflect the substantive merits of the motion.").

{¶ 21}  Jones also did not file his motion within a reasonable time.  Rather, he waited until the day of sentencing and raised the motion orally, at the sentencing hearing.  This date was more than eight months after he entered his pleas.  Furthermore, as discussed above, Jones did not give the trial court *specific* reasons for the withdrawal, but rather made vague assertions claiming innocence and stress and pressure from family members involved.

{¶ 22}  Next, Jones contends that the trial court abused its discretion because allowing him to withdraw his pleas would not prejudice the State.  "While this is an 'important factor[ ] in determining whether to allow a presentence motion to withdraw a guilty plea,' it is not dispositive."  *State v. Barner*, 4th Dist. Meigs No. 10CA9, 2012-Ohio-4584, ¶ 28, quoting *State v. Fairrow*, 4th Dist. Ross No. 05CA2856, 2006-Ohio-503, ¶ 18.  In this case, Jones entered his guilty pleas pursuant to a plea agreement, which obligated the State to dismiss charges against certain co-defendants.  Jones concedes that the State did in fact drop those charges.  Thus, allowing Jones to withdraw his guilty pleas would prejudice the State, because it is not likely that

the State would have dropped the charges against the co-defendants without the guilty pleas. Furthermore, because none of the other considerations outlined above warrant withdrawal of his guilty pleas, absence of prejudice to the State alone does not justify withdrawal. *See Powers*, 2004-Ohio-2720, at ¶ 20 (noting that the alleged lack of prejudice to the State "come[s] into play only after the defendant satisfies the threshold issue of presenting a reasonable and legitimate basis for withdrawing his plea.").

{¶ 23} The record reflects that Jones received a full and fair hearing on his motion. Furthermore, Jones' bald assertions of innocence do not constitute a legitimate and reasonable basis for withdrawing his guilty pleas. Accordingly, the trial court did not act arbitrarily, unreasonably or unconscionably in denying Jones' motion to withdraw his guilty pleas, and Jones' first assignment of error is overruled.

{¶ 24} Because Jones' second and third assignments of error are interrelated, we will consider them together. In these assignments of error, Jones contends that the trial court erred by imposing court costs without notifying him that he could be ordered to perform community service upon the failure to pay such costs. The State concedes that the trial court erred in this regard; and we agree.

{¶ 25} Jones was sentenced under the former version of R.C. 2947.23(A)(1)[2] which stated in pertinent part:

---

[2] The statute has since been amended. Pursuant to 2012 Sub.H.B. No. 247, effective March 22, 2013, R.C. 2947.23(A)(1)(a) now requires that a defendant be notified that community service might be required for failure to pay court costs only when "the judge or magistrate imposes a community control sanction or other nonresidential sanction." Furthermore, R.C. 2947.23(A)(1)(b) now provides: "The failure of a judge or magistrate to notify the defendant pursuant to division (A)(1)(a) of this section does not negate or limit the authority of the court to order the defendant to perform community service if the defendant fails to pay the judgment described in that division or to timely make payments toward that judgment under an approved payment plan."

In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. At the time the judge or magistrate imposes sentence, the judge or magistrate shall notify the defendant of both of the following:

(a) If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.

(b) If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each of hour of community service performed will reduce the judgment by that amount.

{¶ 26} In applying former R.C. 2947.23(A)(1), we have previously held that the statutory notification requirements are mandatory. *See State v. Blanton*, 4th Dist. Lawrence No. 11CA26, 2012-Ohio-6082, ¶ 11 ("R.C. 2947.23(A)(1)(a) requires trial courts to inform defendants that if they fail to pay court costs, they may be ordered to perform community service."); *see also State v. Jarvis*, 4th Dist. Jackson No. 10CA11, 2011-Ohio-6252, ¶ 5 ("[T]he failure to provide the notice regarding community [service] required by R.C. 2947.23 is prejudicial error."). "Although many courts have struggled with whether this issue is ripe for

appellate review before the defendant fails to pay court[ ] costs and has been ordered to perform community service, the Supreme Court of Ohio in *State v.[ ] Smith*, 131 Ohio St.3d 297, 2012-Ohio-781, 964 N.E.2d 423, has declared it to be a proper subject of appellate review." *Blanton* at ¶ 11.

{¶ 27}  Here, the trial court imposed court costs at the sentencing hearing, but failed to inform Jones that he could be ordered to perform community service if he failed to pay the costs. As noted above, the State concedes that this was in error.  Therefore, Jones' second and third assignments of error are well taken and sustained.

{¶ 28}   In summary, we uphold the trial court's denial of Jones' motion to withdraw his guilty pleas.  The trial court's imposition of court costs without notifying Jones that he could be ordered to perform community service for his failure to pay such costs, however, was prejudicial error.  Accordingly, we reverse the portion of Jones' sentence as it relates to the imposition of court costs and remand for resentencing.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,
AND CAUSE REMANDED.

**JUDGMENT ENTRY**


It is ordered that the JUDGMENT BE AFFIRMED IN PART, and REVERSED IN PART, and this CAUSE BE REMANDED to the trial court for further proceedings consistent with this opinion.  Appellee and Appellant shall divide equally the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Harsha, J.:  Concur in Judgment and Opinion.



For the Court

By:_____
                Marie Hoover, Judge


**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.