[Cite as *State v. Brown*, 2017-Ohio-2647.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 16CA3544 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| DAVID E. BROWN, II, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 04/28/17** |

_____
APPEARANCES:

Chase B. Bunstine, Chillicothe, Ohio, for Appellant.

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County Assistant Prosecuting Attorney, Chillicothe, Ohio, for Appellee.
_____

McFarland, J.

{¶1} David E. Brown, II, appeals the judgment entry of sentence dated April 6, 2016 in the Ross County Court of Common Pleas, in which he entered guilty pleas to kidnapping, R.C. 2905.01, a felony of the first degree, and felonious assault, R.C. 2903.12, a felony of the second degree. Here, Appellant asserts that the trial court erred and abused its discretion when it denied his timely motion to withdraw guilty plea. Upon review, we find no merit to Appellant's argument. The trial court did not abuse its discretion in overruling Appellant's pre-sentence motion to withdraw plea. Accordingly,

we overrule Appellant's sole assignment of error and affirm the judgment of the trial court.

FACTS

{¶2} On August 28, 2015, Appellant was indicted on two counts: Count One, kidnapping, a violation of R.C. 2905.01, a first degree felony, and Count Two, felonious assault, R.C. 2903.12, a second degree felony. Count One contained a specification that, pursuant to R.C. 2929.01, Appellant was a repeat violent offender. The indictment arose from activities which occurred on July 22 and 23, 2015 in Ross County when Appellant and other individuals allegedly kidnapped and inflicted serious physical harm on Arthur Hamlin, Jr.

{¶3} Appellant was arraigned on September 2, 2015 and pleaded not guilty. A status conference was held on October 7, 2015, at which time the parties advised the trial court that the State was planning to again present the matter to the grand jury for the purpose of adding another repeat violent offender specification. On October 23, 2015, a second indictment was filed which set forth the same allegations as in the original indictment and contained the additional repeat violent offender specification as to Count Two.

{¶4} Appellant was arraigned a second time on October 28, 2015. On November 16, 2015, Appellant changed his plea pursuant to a plea agreement and negotiated recommended sentence. Appellant pleaded guilty to both counts and the State agreed to dismiss both specifications on the condition that Appellant would testify against his co-defendants in the case.[1] The State further agreed to recommend an eight-year sentence on each count, to be served concurrently.

{¶5} At the change of plea hearing, Appellant's counsel stated: "There is some concern here, obviously about Mr. Brown testifying against Codefendants, for his safety and for his family's safety." However, after further discussion of the parties, the trial court engaged in the required Crim.R. 11(C) colloquy with Appellant. The trial court found Appellant's decision to enter a plea of guilty on the two counts as knowing, intelligent, and voluntary. The matter was set for disposition.

{¶6} However, on December 2, 2015, Appellant pro se forwarded a handwritten "Motion to Withdraw Plea of Guilty." On December 9, 2015, the trial court held a status conference. Appellant's counsel advised he

---

[1]Appellant also agreed to provide a statement with respect to an October 2015 offense of rape and felonious assault that occurred in the Ross County jail, and to testify against any codefendants in that particular matter. The plea agreement further provided that should Appellant face charges out of the jail incident, the State would agree to recommend that any sentence for those charges be served concurrently to the eight-year prison sentence.

would file a motion on his client's behalf and the trial court set the matter for hearing on the motion to withdraw.[2]

{¶7} On March 23, 2016, the trial court held a hearing on Appellant's motion to withdraw his guilty plea. When given the opportunity to address the court, Appellant began:

Appellant:      Just that, you know, I mean, I was planning on going through with the deal but there's been threats made against my family and stuff and I just don't feel comfortable putting my children at risk, you know over, over something that involves me and has nothing to do with them. I would rather, you now, just take what I have to do and not have them under any kind of threat.

The Court:      Okay, I mean, who is making the threats?

Appellant:      Um, I mean, I really don't know. There's just been threats, there's been knocks at my house, there's been things done to vehicles, so-

The Court:      Well what are the things that have been done? How are you relating those to your case?

Appellant:      I mean because nothing was going on before I took the plea deal and my family is, you know, have had windows knocked out, have had car tires slashed. There's been things, um, you know, just threats made, people knocking on the door all hours of the night.

The Court:      Alright, is there anything else that you wish for me to consider?

Appellant:      No, that'd be it, Your Honor.

---

[2] The trial court advised Appellant that Ohio did not allow dual representation.

{¶8}  Appellant's counsel also spoke on his behalf.  At this point, the State offered the testimony of Detective Shawn Rourke, an officer for the City of Chillicothe Police Department, who testified in regards to Appellant's previous claim of fear for his girlfriend and himself.  The State also offered as an exhibit a message from jail, from Appellant addressed to Detective Rourke, that he was "ready to take a plea deal."  At the close of the hearing, defense counsel argued that Appellant's desire to withdraw his plea was based on a credible belief of legitimate threat to his immediate family.  In overruling Appellant's motion, the trial court noted that there was no specific proof that the threats attached to the case at bar.

{¶9}  Appellant's sentencing occurred on March 31, 2016.  When given the opportunity to speak, Appellant stated:

> "* * * Just that you should know I'm sorry about what happened.  I done the best I could for that man, you know, without putting myself in the same position he was in and um, you know, I just feel that this guilty plea is not something that I should be held to because I believe that pressure was put on me by those other charges by the police department to get me to take a deal and I was talked to somebody and they told me that because I was under the influence of depression drugs and I was under the influence of street drugs when I took that deal that I should not be held to it and I just want that to go on record that I'm not comfortable with this guilty plea that I had to take.  I feel I was forced to take it by the prosecutor and the detectives from the Chillicothe police department and the sheriff's department putting that pressure on me, trying to trump up charges on me and they just tried to do it again, the same kind of charges.

* * *

I don't believe I did anything; I did not felonious assault that guy or did I kidnap him.  I was there, and you know if I would of done anything like I did when the people was around I would have been down there with him."

{¶10}  The trial court imposed the previously negotiated and recommended sentence.  This timely appeal followed.  Where relevant, additional facts will be set forth below.

ASSIGNMENT OF ERROR

"I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA."

A.  STANDARD OF REVIEW

{¶11}  Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  " '[A] presentence motion to withdraw a guilty plea should be freely and liberally granted.' " *State v. Hoke,* 4th Dist. Lawrence No. 10CA32, 2011-Ohio-1221, ¶ 12, quoting *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, at ¶ 57, quoting *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715(1992).  However, a defendant does not have an absolute right to withdraw a guilty or no contest plea prior to sentencing. *Xie* at paragraph

one of the syllabus; *State v. Spivey,* 81 Ohio St.3d 405, 415, 1998-Ohio-437, 692 N.E.2d 151. Thus, the trial court possesses broad discretion to grant or deny a presentence motion to withdraw a plea, and we will not reverse the court's decision absent an abuse of that discretion. *Xie* at paragraph two of the syllabus; *Spivey*, 81 Ohio St.3d at 415, 692 N.E.2d 151. The term "abuse of discretion" implies that the court's attitude is unreasonable, unconscionable, or arbitrary. *See, e.g., State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Furthermore, "[w]hen applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991).

## B. LEGAL ANALYSIS

{¶12} In our prior decisions, we have set forth a list of factors that we consider when determining whether a trial court abused its discretion by denying a presentence motion to withdraw a plea: " '(1) whether the accused was represented by highly competent counsel; (2) whether the accused was given a full Crim.R. 11 hearing before entering the plea; (3) whether a full hearing was held on the withdrawal motion; and (4) whether the trial court gave full and fair consideration to the motion.' " *Hoke, supra,* at 13, quoting *State v. Campbell,* 4th Dist. Athens No. 08CA31, 2009-Ohio-4992, at ¶ 7,

quoting *State v. McNeil*, 146 Ohio App.3d 173, 176, 765 N.E.2d 884 (1st Dist.2001); *see also State v. Gibbs,* 4th Dist. Ross Nos. 10CA3137 and 10CA3138, 2010-Ohio-2246, at ¶ 9.  Other considerations include: " '(1) whether the motion was made within a reasonable time; (2) whether the motion set out specific reasons for the withdrawal; (3) whether the accused understood the nature of the charges and the possible penalties; and (4) whether the accused was perhaps not guilty or had a complete defense to the charges.' " *Campbell* at ¶ 7, quoting *McNeil,* 146 Ohio App.3d at 176, 765 N.E.2d 884.  A change of heart or mistaken belief about the plea is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea. *Campbell* at ¶ 7, citing *State v. Lambros*, 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988).

{**¶13**}  On appeal, Appellant argues his motion pursuant to Crim.R. 32.1 was filed within a reasonable time, set forth specific reasons for his request, including the grounds of innocence, fear for his family, and pressure by counsel and law enforcement, and that withdrawal of his plea would have resulted in no prejudice to the State.  Appellant cites the correct legal standard for consideration of his pre-sentence motion, set forth in *State v. Jones,* 4th Dist. Scioto No. 13CA3548, 2013-Ohio-5416.  However, Appellant urges his case is more factually similar to one in the Seventh

Appellate District, *State v. Cuthbertson,* 139 Ohio App.3d. 895, 746 N.E.2d 197 (7th Dist.2000). In response, the State maintains the trial court did not abuse its discretion when it overruled Appellant's motion. The State points out Appellant was represented by highly competent counsel, that he was given a full Crim.R. 11 hearing before entering his plea, that he was given a full hearing on his motion to withdraw, and that the record reflects the trial court gave full and fair consideration of the motion. The State characterizes the reason for Appellant's motion as simply a change of heart.

{¶14} In *Cuthbertson,* the defendant mailed the court a pre-sentence request to withdraw his plea to murder with a firearm specification. At the hearing conducted on the motion, Cuthbertson elaborated:

> "Basically, I changed my mind because, first of all, I'm innocent. Second, I thought about the entire situation with my attorney, with my mom and everybody that is involved in this case, and I felt that it was my life that was at stake and wanted to determine what would happen for the rest of my life. My mom encouraged me a lot to take this plea bargain. She really knows nothing about the law, and I guess I considered her life a lot and that made me decide and think about my son, and I guess I felt that also I wouldn't even get a fair trial. I discussed it with my attorney for 14 months. I never wanted to take a plea bargain, and I had no plans to take a plea bargain and come time for trial that's all I ever heard was plea bargain, plea bargain, and it was like the only thing for me to do. That's not what I wanted to do.
>
> * * *

Basically because, I guess, first of all, I'm human. I'm entitled to make a mistake on my decisions. I think the prosecution should, or whoever is going to determine what is going to happen with this situation, needs to prove me guilty on the charges they charged me with. I don't want to spend the rest of my life in prison because of what somebody else did or I was with somebody that did something."

{¶15} On cross-examination, Cuthbertson repeated that he was pressured to plead guilty. The appellate court noted the appropriate standard of review for pre-sentence motions and addressed the additional factors to be used in consideration of such motions, noting that no one factor was conclusive.[3] However, the Seventh District Appellate Court disagreed with the trial court's conclusion that Cuthbertson's motion was based on a "change of mind." The appellate court observed:

"First, there is no allegation that the state's case would be prejudiced upon withdrawal of the plea.

* * *

Admittedly, the required hearing on the motion to withdraw occurred, and appellant was able to attempt to explain his position. Nonetheless, the transcript leaves one with the impression that appellant's attorney was preoccupied with making a record to establish that he did not coerce the plea rather than attempt to assist appellant in a successful plea withdrawal. It is also worth noting that appellant took it upon himself to seek plea withdrawal by means of a letter to the court. The letter stated specific reasons for his desire to withdraw his plea, and these reasons were repeated at the hearing.

---

[3] *State v. Fish,* 104 Ohio App.3d at 240, 661 N.E.2d at 790 (1st Dist.1995).

* * *

[T]he timing of the motion was surely reasonable. Lastly, appellant has set forth the possibility of a defense to the charge by maintaining his claims that he was not the perpetrator of the murder yet implying that he was present. In conclusion, when a defendant claims he is innocent and wishes to withdraw his plea of guilt prior to sentencing, a comparison of the interests and potential prejudice to the respective parties weigh heavily in the interests of the accused.

* * *

Absent any showing of some other real prejudice to the state which occurred solely as a result of entering into a plea bargain, as here, the potential harm to the state in vacating the plea is slight, whereas the potential harm to the defendant in refusing to vacate the plea is great. Accordingly, we hold that the failure of the lower court to allow appellant to withdraw his plea was unreasonable."

{¶16} Here, we are not persuaded *Cuthbertson* is completely on point. Upon review of the relevant facts, we find the trial court did not abuse its discretion in denying Appellant's pre-sentence motion to withdraw his plea. We have considered the applicable factors and we agree that Appellant's motion was made within a reasonable time. Appellant changed his plea on November 16, 2015 and his sentencing was expected to be in late January 2016. He requested to withdraw his plea, approximately 2 weeks after changing his plea, on December 2, 2015.

{¶17} We next observe that the record reflects Appellant was given a full Crim.R. 11 hearing before entering his plea. Appellant verified that he

was not under the influence of any drugs, medication, or alcohol. Appellant

further advised that he had not been threatened or been promised anything in

order to change his plea. He acknowledged reading, executing, and

understanding the written plea agreement. He further stated, when

questioned about whether or not he was satisfied with his trial counsel, that

he was "very satisfied." Along these lines, we also find Appellant expressed

full understanding of the nature of the charges and the possible penalties he

was facing. We find the record clearly reflects Appellant had a full Crim.R.

11 hearing.

{¶18} We further find no indications in the record that Appellant was

not represented by highly competent counsel. It is reasonable to assume that

Appellant's counsel negotiated the very favorable plea agreement and

recommended sentence on Appellant's behalf. During the change of plea

hearing, Appellant acknowledged he was "very satisfied" with his counsel.[4]

{¶19} However, we cannot find that either Appellant's pro se request

or the motion filed on his behalf set out specific reasons for the withdrawal.

His stated reason at the motion hearing was the threats and fear for his

family. At the motion hearing, Appellant did not voice any allegations that

the police department, the prosecutor, and the detectives were pressuring

---

[4] And, after forwarding his pro se request to withdraw his plea, at the status conference, he again relied on his trial counsel to pursue the matter. The trial court also commented on the record that Appellant was represented by highly competent counsel.

him to enter the plea agreement.  These allegations first surfaced at Appellant's sentencing, a week after the hearing on his motion had taken place.  Nor did Appellant advise he was under the influence of drugs when he "took the deal."

{¶20}  We further find Appellant's request was given full and fair consideration.  Although his handwritten request and the written motion did not set out specific reasons, both Appellant and his counsel were given time to explain his stated reason.  Yet, at the hearing, the State presented evidence that Appellant had voiced concerns for his and his girlfriend's safety when initially interviewed, and long before his request to change his plea.  Detective Rourke testified he interviewed Appellant twice, on the date when he was arrested, and that he had "voiced concerns for his safety and the safety of a girlfriend."  On cross-examination, Detective Rourke reiterated that Appellant did not identify a specific source who had threatened him and did not identify specific acts, as mentioned at the hearing.  Further, Appellant did not mention his children or other immediate family had been threatened.  The State urged that Appellant was well aware of possible ramifications of testifying against his codefendants.  In overruling Appellant's motion, the trial court noted that Appellant was not able to identify specific persons making the threats or that the threats were, in fact,

relating to his particular case. We cannot conclude Appellant's request was not given full and fair consideration.

{¶21} The *Cuthbertson* court relied heavily on the fact that there was no allegation that the State's case would be prejudiced upon withdrawal of the plea and further cited lack of prejudice to the State as one of the most important factors. However, the appellate court also questioned the effectiveness of Cuthbertson's counsel in arguing for grant of the motion, commenting that counsel seemed more preoccupied with "making a record" than attempting to assist Cuthbertson in a successful plea withdrawal.

{¶22} Importantly, we observe that Cuthbertson proclaimed first and foremost that he was innocent. And the appellate court commented that Cuthbertson had set forth the "possibility of a defense to the charge by maintaining his claims that he was not the perpetrator yet implying that he was present." The *Cuthbertson* court noted the potential harm to Cuthbertson in refusing to vacate his plea was great. *Id.* at 900.

{¶23} By contrast, in the case at bar, at the motion hearing Appellant did not stoutly proclaim innocence. It was only after his motion was denied that Appellant acknowledged a lesser measure of involvement and culpability, stating: "I don't believe I did anything; I did not felonious assault that guy or did I kidnap him. I was there * * *." In *State v. Powers*,

4th Dist. Pickaway No. 03CA21, 2004-Ohio-2720, this court pointed out a defendant's claims of innocence are not sufficient to warrant withdrawal of a plea knowingly entered. *Id*. at ¶ 18; *State v. Kandiko* (Feb. 9, 1995), Cuyahoga App. No. 66888, *State v. Frank* (April 29, 1993), Cuyahoga App. No. 62201. We observed that all defendants who request a withdrawal of their plea base their request upon some claim of innocence. *State v. McGowan* (Oct. 3, 1996) Cuyahoga App. No. 68971. We further observed Powers made only an unsubstantiated claim of innocence, and that the trial court could reasonably have concluded that Powers' profession of innocence was nothing more than a change of heart, which is an insufficient basis for withdrawing a guilty plea. *Lambros, supra,* 44 Ohio App.3d 102 at 103. It would appear that when Appellant realized his safety concerns were not persuasive to the trial court at the motion hearing, that he subsequently proffered a "laundry list" of reasons for his motion at sentencing, i.e., the alleged and unsubstantiated influence of drugs and alleged coercion by law enforcement and the prosecutor's office, along with a weak profession of innocence.

{¶24} For the foregoing reasons, we find no merit to Appellant's argument and further find the trial court did not abuse its discretion in overruling Appellant's pre-sentence motion to withdraw his plea. As such,

we overrule the sole assignment of error and affirm the judgment of the trial

court.

**JUDGMENT AFFIRMED.**

Hoover, J., concurring in judgment only:

{¶ 25} I respectfully concur in judgment only with the majority opinion.

{¶ 26} I start with the premise that " 'a presentence motion to withdraw a guilty plea should be freely and liberally granted.' " *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57 quoting *State v. Xie* at 527. Brown's motion to withdraw his guilty plea was made prior to his sentencing. Brown filed the motion at issue in December 2015. At the motion hearing, Brown stated, "I was planning on going through with the deal but there's been threats made against my family and stuff and I just don't feel comfortable putting my children at risk, you know over, over something that involves me and has nothing to do with them." March 23, 2016 Hrg., p. 3-4. He went on to explain that his family's home and personal property had been vandalized.  He added that he did not know who was making the threats but "nothing was going on before [he] took the plea deal." *Id.* at p. 4. After considering the factors in *State v. Xie*, the trial court denied Brown's motion.

{¶ 27} A few days later, at Brown's sentencing hearing, but prior to the actual sentencing of Brown, the trial court gave Brown the opportunity to address the court. Brown again indicated that he wanted to withdraw his

plea. This time, however, he gave completely different reasons for withdrawing his plea. Brown stated that he should not be "held to" his guilty plea because (1) he felt pressured into taking a plea deal; and (2) he talked to someone and they told him that because he was under the influence of drugs when he took the deal he should not be held to it. March 31, 2016 Hrg., p. 4. He also proclaimed his innocence. The trial court did not address Brown's claims and proceeded immediately to sentencing.

{¶ 28} I believe that the statements Brown made could be construed as a second motion to withdraw his plea. Brown once again indicated to the trial court that he wanted to withdraw his plea. Brown did not base his second request on the same reasons that he stated in his first motion to withdraw his plea; and there is no requirement in Crim.R. 32.1 that a motion to withdraw guilty plea be in writing. *See State v. Elkins*, 4th Dist. Lawrence No. 16CA15, 2016-Ohio-8579 (trial court erred in failing to conduct any inquiry into defendant's oral, presentence request to withdraw guilty plea that defendant made at the beginning of his sentencing hearing).

{¶ 29} Therefore, pursuant to *State v. Xie*, I believe that the trial court should have conducted a hearing "to determine whether there [was] a reasonable and legitimate basis for the withdrawal of the plea" rather than proceeding immediately to sentencing. 62 Ohio St. 3d 521, 527, 584 N.E.2d

715 (1992). Of particular concern to me is the fact that Brown states that he was under the influence of drugs at the time that the guilty plea was entered. I am mindful, however, of the fact that Brown had originally stated that he was not under the influence of any drugs.

{¶ 30} That being said, Brown does not argue on appeal that the trial court erred in failing to hold a hearing on his second motion to withdraw his guilty plea. I refuse to make Brown's argument for him. His appeal presents the issue whether the trial court erred in denying his first motion to withdraw his guilty plea; and I do not believe that the trial court erred with respect to that decision. Therefore, I concur in judgment only with the majority opinion.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J.: Concurs in Judgment and Opinion.
Hoover, J.: Concurs in Judgment Only with Concurring Opinion.

For the Court,

BY: _____
Matthew W. McFarland, Judge

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**